# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| *IN RE: SNAP FINANCE DATA BREACH LITIGATION* | Case No. 2:22-cv-00761-TS-JCB |
| This Document Relates To: All Actions | **SETTLEMENT AGREEMENT** |

This Settlement Agreement, dated as of September 11, 2023, is made and entered into by and among the following Parties (as defined below): Tracy Tanner, Victor Sanchez, Tameka Montgomery, Sterling Simeon, Monique Graves, Carolyn Sanders, Nick Peppelaar, and Tara Schulmeister (collectively, "**Plaintiffs**"), individually and on behalf of the Settlement Class and Subclass (as defined below), and Snap Finance LLC and Snap RTO LLC (collectively "**Defendants**" or "**Snap**" and, together with Plaintiffs, the "**Parties**,"), by and through their respective counsel of record. The Settlement Agreement is subject to Court approval and is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

Plaintiffs allege that between June 23, 2022 and September 8, 2022, unauthorized actors accessed certain information stored on Defendants' network, including the names, Social Security numbers, driver's license numbers, state identification numbers, and/or financial account numbers of approximately 61,302 consumers (referred to as the "**Data Incident**"). After the Data Incident, Defendants sent notification letters to approximately 61,302 individuals, including 8,748 California residents. Defendants offered these individuals at least one year of free credit monitoring and identity theft protection services. Plaintiffs and members of the Settlement Class (defined below) received notices of the Data Incident in or around December 2022.

On December 9, 2022, Tracey Tanner, individually and on behalf of all others similarly situated, filed a class action complaint in the District of Utah (Case No. 2:22-cv-00761-TS-), through attorney Steven A. Christensen of Christensen Young & Associates, PLLC, and Brian D. Flick of Dannlaw. On December 14, 2022, Plaintiffs Tameka Montgomery and Sterling Simeon, individually and on behalf of all others similarly situated, filed a class action complaint in the District of Utah (Case No. 2:22-cv-00775-RJS), through attorneys Timothy W. Emery of Emery Reddy, PLLC, and M. Anderson Berry and Gregory Haroutunian of Clayeo C. Arnold, A Professional Corporation. On December 21, 2022, Plaintiff Victor Sanchez, individually and on behalf of all others similarly situated, filed a class action complaint in the District of Utah (Case No. 2:22-cv-00791-JRS-JCB through attorneys Charles H. Thronson, of Parsons Behle & Latimer, William B. Federman of Federman & Sherwood, and A. Brooke Murphy of Murphy Law Firm.

On January 17, 2023, the Court consolidated these actions under the lead case, No. 2:22-cv-00761-TS-JCB (together with the consolidated actions, the "**Litigation**"). *See* Doc. 29. In the same Order, the Court appointed M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation, William B. Federman of Federman & Sherwood, and Brian D. Flick of Dannlaw as Interim Co-Lead Class Counsel ("**Class Counsel**"). *Id.*

On February 9, 2023, Plaintiffs, on behalf of the Settlement Class, filed a Consolidated Class Action Complaint ("**CCAC**"). In addition to Plaintiffs Tanner, Sanchez, Montgomery, and Simeon, the CCAC added Plaintiffs Grayes, Saunders, Peppelaar, and Schulmeister to this action, as well as counsel, Jason M. Wucetich of Wucetich & Korovilas LLP and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC. In the CCAC, Plaintiffs asserted claims for: (i) negligence; (ii) negligence *per se*; (iii) breach of implied contract; (iv) invasion of privacy; (v) unjust enrichment; (vi) declaratory and injunctive relief; (vii) violation of the Illinois Consumer Fraud Act 815 Ill. Comp. Stat. § 505/1, *et seq.*, (viii) violation of California's Consumer Privacy Act, Cal. Civ. Code. § 1798.100, *et seq* ("CCPA"); (ix) violation of the California Customer

Records Act Cal. Civ. Code §§ 1798.80, *et seq*; and (x) violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

Thereafter, the Parties exchanged certain materials subject to Rule 408, and on June 30, 2023, the Parties engaged in a full day mediation session with Hon. John W. Thornton (Ret.) of JAMS. After an all-day mediation session filled with hard bargaining on both sides, Judge Thornton submitted a mediator's proposal that all Parties ultimately accepted. The terms of the mediator's proposal (and additional reasonable terms agreed to by the Parties) are memorialized in this Settlement Agreement, which was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the inherent risks in the Litigation, and with the active involvement of the Parties.

## II.    CLAIMS AND BENEFITS OF SETTLING

Plaintiffs believe the claims asserted in this action have merit. Plaintiffs and Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to litigate this action against Defendants through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Class Counsel, in consultation with Plaintiffs, have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

## III.    DENIAL OF WRONGDOING AND LIABILITY

Defendants deny: (a) each and every allegation and all charges of wrongdoing or liability of any kind whatsoever asserted or which could have been asserted in this Litigation, (b) that the Plaintiffs and the class they seek to represent have suffered any damage, and (c) that the Litigation satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23. Nonetheless, Defendants have considered the uncertainty and risks inherent in any litigation and concluded that contesting the Litigation further could be protracted and expensive, so it is desirable

and beneficial that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. This Settlement Agreement is for settlement purposes only, and nothing in this agreement shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by Plaintiffs in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in the Litigation or in any other action.

## IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, Class Counsel, and Defendants that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Parties and the Settlement Class Members (not including those members of the Settlement Class who timely and validly opt-out of the Settlement Agreement), upon and subject to the terms and conditions of this Settlement Agreement, as follows:

### 1.    Definitions

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "Agreement" or "Settlement Agreement" means this agreement.

1.2    "Attorneys' Fees and Expenses Award" means the amount awarded by the Court to be paid to Class Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Class Counsel's claim or request for payment of attorneys' fees, costs, disbursements, and compensation in the Litigation.

1.3    "CAFA Notice" means a notice of the proposed Settlement in compliance with the

requirements of the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.* ("CAFA"), to be served upon the appropriate state official in each state where a Settlement Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid from the Settlement Fund.

  1.4 "CCPA Payment" means the cash payment made to California Settlement Subclass Members in the amount of $200.00—made in recognition of the claim under the California Consumer Privacy Action ("CCPA") that the California Settlement Subclass has brought—to the extent the California Settlement Subclass Member submits a Valid Claim for the CCPA Payment. The CCPA Payment is capped at $200,000.00.

  1.5 "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

  1.6 "Claims Administrator" means Simpluris Legal Administration Services ("Simpluris"), a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation.

  1.7 "Claims Deadline" means the deadline by which Settlement Class Members must submit any valid Settlement Claims pursuant to ¶ 2.3. The Claims Deadline shall be set by the Court in the Preliminary Approval Order. The Parties propose a Claims Deadline that is 90 days after the Notice Commencement Date.

  1.8 "Claim Form" means the form that will be used by Settlement Class Members to submit a Settlement Claim to the Claims Administrator and that is substantially in the form as shown in **Exhibit A** to this Settlement Agreement.

  1.9 "Class Counsel" means William B. Federman of Federman & Sherwood; M. Anderson Berry of Clayeo C. Arnold, APC; and Brian D. Flick of DannLaw.

  1.10 "Class Representatives" or "Plaintiffs" means Plaintiffs Tracy Tanner, Victor Sanchez, Tameka Montgomery, Sterling Simeon, Monique Grayes, Carolyn Sanders, Nick

Peppelaar, and Tara Schulmeister.

1.11    "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration, the Notice Program, the administration of opt-outs, the administration of objections. All Costs of Claims Administration shall be paid from the Settlement Fund.

1.12    "Court" means the United States District Court for the District of Utah.

1.13    "Credit Monitoring and Identity-Protection Services" means the credit monitoring and identity-protection services through Pango pursuant to ¶ 2.4.

1.14    "Data Incident" means the security incident perpetrated on Defendants between approximately June 23, 2022 and September 8. 2022, wherein criminal actors accessed information including the Social Security numbers, driver's licenses and state identification numbers, and/or financial information of approximately 61,302 consumers.

1.15    "Effective Date" shall have the meaning specified in Section 9.1.

1.16    "Final Judgment Order" means the order of the Court that approves this Settlement Agreement, provides for the release of the Released Claims, and makes such other final rulings as are contemplated by this Settlement Agreement, which may or may not include approving payment of any Service Awards and Class Counsel's Attorneys' Fees and Expenses Award. The Parties' proposed form of Final Judgment Order is attached to this Settlement Agreement as **Exhibit E**.

1.17    "Litigation" means the litigation first filed in the Federal District Court for the District of Utah, *Tracy Tanner v. Snap Finance LLC & Snap RTO LLC*, Case No. 2:22-cv- 00761-TS-JCB, including all actions consolidated into or with that action.

1.18    "Long Notice" means the long form notice of settlement to be posted on the Settlement Website (as defined below), substantially in the form of **Exhibit B** to this Settlement Agreement.

1.19    "Notice Program" means the plan described in Section 3 for disseminating notice

to members of the Settlement Class of the terms of this Settlement Agreement and the Final
Judgment Order.

1.20   The "Notice Commencement Date" means thirty (30) days after the entry of the
Preliminary Approval Order.

1.21   "Objection Date" means the date by which Settlement Class Members' objections
to the Settlement must be postmarked by mailing them to the Court for that objection to be timely.
The objector or his or her counsel may also file, no later than the Objection Date, the written
objection with the Court through the Court's ECF system. The Objection Date shall be set by the
Court in the Preliminary Approval Order. The Parties propose an Objection Date that is sixty (60)
days after the Notice Commencement Date.

1.22   "Opt-Out Date" means the date by which members of the Settlement Class requests
for exclusion from the Settlement Class must be postmarked by mailing them to the Claims
Administrator for that request to be effective. The Opt-Out Date shall be set by the Court in the
Preliminary Approval Order. The Parties propose an Opt-Out Date that is sixty (60) days after the
Notice Commencement Date.

1.23   "Person" means an individual, corporation, partnership, limited partnership, limited
liability company or partnership, association, joint stock company, estate, legal representative,
trust, unincorporated association, government or any political subdivision or agency thereof, and
any business or legal entity, and their respective spouses, heirs, predecessors, successors,
representatives, or assignees.

1.24   "Preliminary Approval Order" means the order preliminarily approving the
Settlement Agreement and ordering that notice be provided to the Settlement Class. The Parties'
proposed form of Preliminary Approval Order is attached to this Settlement Agreement as **Exhibit
D**.

1.25   "Released Claims" shall collectively mean any and all past, present, and future

claims, causes of action, demands, damages, debts, liabilities, remedies, proceedings, actions, suits, allegations, assertions of wrongdoing, and any demand for injunctive relief or any other type of equitable or legal relief including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, whether known or unknown, suspected or unsuspected, asserted or unasserted, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted by any Settlement Class Member against any of the Released Persons with respect to the Data Incident or data security in any fashion. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of individuals in the Settlement Class who have timely excluded themselves from the Settlement.

1.26   "Released Persons" means Defendants and their past or present parents, subsidiaries, divisions, and related or affiliated entities, of any nature whatsoever, whether direct or indirect, as well as each of Defendants' and these entities' respective predecessors, successors, directors, officers, principals, agents, attorneys, shareholders, employees, servants, representatives, advisors, consultants, vendors, partners, contractors, subrogees, insurers, and reinsurers.

1.27   "Reminder Notice" means a reminder notice, based off of the Short Notice. The Claims Administrator shall also have the option, if requested by Class Counsel, to send reminders notices to Settlement Class Members who have not yet submitted a Claim Form, with such reminder notices to be sent, if at all, thirty (30) days prior to the Claims Deadline.  Any such reminder notices shall be sent via email to members of the Settlement Class for whom Defendants possess email addresses, and via single postcard to members of the Settlement Class for whom

Defendants possess physical addresses and do not possess an email address for.

1.28    "Settlement Claim(s)" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.29    "Settlement Class" means all U.S. residents who: (i) provided personal identifiable information to Snap Finance LLC and/or Snap RTO LLC; and (ii) received a letter from Snap in December 2022 with notification of the Data Incident. The Settlement Class specifically excludes: (i) Defendants and their respective officers and directors; (ii) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.30    "Settlement Class Member(s)" means an individual within the defined Settlement Class who does not timely and validly request exclusion from the Settlement Class.

1.31    "Settlement Fund" means an amount equal to One Million Eight Hundred Thousand Dollars ($1,800,000), which shall be used to pay for: (i) Valid Claims; (ii) Costs of Claims Administration; (iii) any Service Awards approved by the Court; (iv) any Attorneys' Fees and Expenses Award payment approved by the Court; and (v) the required CAFA Notice. The Settlement Fund will not be used to pay for the Business Practice Commitments identified in ¶ 2.5.

1.32    "Settlement Subclass" or "California Subclass" means all California residents who: (i) provided personal identifiable information to Snap Finance LLC and/or Snap RTO LLC; and (ii) received a letter from Snap in December 2022 with notification of the Data Incident. The Settlement Subclass specifically excludes: (i) Defendants and their respective officers and directors; (ii) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity

occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.33    "Settlement Subclass Member" or "California Subclass Member" means an individual within the defined Settlement Subclass who does not timely and validly request exclusion from the Settlement Class.

1.34    "Short Notice" means the short notice of the proposed class action settlement, substantially in the form of **Exhibit C** to this Settlement Agreement, sent via email to members of the Settlement Class for whom Defendants possess email addresses, and via single postcard to members of the Settlement Class for whom Defendants possess physical addresses. The Short Notice will direct recipients to the Settlement Website where recipients may view the Long Notice and make a claim for monetary relief.  The emailed version of the Short Notice will include a link to download the Claim Form. The Short Notice will also provide the Settlement Class with instructions on how to enroll in the Credit Monitoring and Identity-Protection Services Benefits explained below in ¶ 2.4. The Short Notice will also inform the Settlement Class, *inter alia*, of the Claims Deadline, and the Opt-Out Date and Objection Date.

1.35    "Short Notice Completion Date" means forty-five (45) days after the entry of the Preliminary Approval Order.

1.36    "United States" as used in this Settlement Agreement includes the District of Columbia and all United States and territories.

1.37    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiffs, does not know or suspect to exist in his or her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be

deemed to have, and by operation of the Final Judgment Order shall have, released any and all Released Claims, including Unknown Claims, and waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80, *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Judgment Order shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.38    "Valid Claims" means Settlement Claims in an amount approved by the Claims Administrator.

1.39    All time periods herein stated in terms of "days" shall be in calendar days unless otherwise expressly stated.

2.    **Settlement Benefits**

2.1      In consideration for the release contained in this Settlement Agreement, and as a direct result of the Litigation, and without admitting liability for any of the alleged acts or omissions alleged in the Litigation, and in the interests of minimizing the costs inherent in any litigation, Snap will perform all the following.

2.2      Snap will establish the Settlement Fund with the Claims Administrator as follows: within thirty (30) days following entry of the Preliminary Approval Order, Snap will advance, or cause to be advanced, the balance of the Settlement Fund. Additionally, within one hundred twenty (120) days after the Effective Date, Snap will implement the Business Practice Commitments as described in ¶ 2.5.

2.3      All Class Members shall have the opportunity to submit a Claim Form for certain claimed benefits. The claimed benefits, as described below, shall include: (a) Credit Monitoring and Identity-Protection Services; (b) Out-of-Pocket Losses; (c) CCPA Payment; and (d) *Pro Rata* Cash Payment. Any Valid Claim may be combined with any other Valid Claim. The cost of providing Credit Monitoring and Identity-Protection Services shall be paid from the Settlement Fund after the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, and the CAFA Notice. Thereafter, the priority for payment of claimed benefits will be as follows: (1) Out-of-Pocket Losses; (2) CCPA Payment; and (3) *Pro Rata* Cash Payment. If the Settlement Fund is insufficient to cover all Out-of-Pocket Losses, such claims shall be reduced *pro rata* to account for the amount of remaining funds, and no money shall be paid to any claimants for CCPA Payments or *Pro Rata* Cash Payments. If there are sufficient funds to pay for all claimed Out-of-Pocket Losses, but insufficient funds to pay for all claimed CCPA payments, then claimants shall receive full value for their Out-of-Pocket Losses, but CCPA payments shall be reduced *pro rata* to account for the amount of remaining funds. Any remaining money in the Settlement Fund (to the extent any exists) after the payment of Out-of-Pocket Losses

and CCPA Payments shall be disbursed in a *pro rata* amount to all valid claimants, with such *pro rata* payments capped at $500 per valid claimant.

2.3.1   Out-of-Pocket Losses: Every Settlement Class Member may submit a claim for up to $5,000 each for out-of-pocket expenses and losses, which are unreimbursed costs, expenditures, or losses incurred by a Settlement Class member that are fairly traceable to the Data Incident ("Out-of-Pocket Losses"). Out-of-Pocket Losses may include, without limitation, the following:

1)   unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of a Settlement Class Member's Social Security number;

2)   unreimbursed costs incurred on or after June 23, 2022, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency;

3)   other unreimbursed miscellaneous expenses incurred related to any Out-of-Pocket Expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges;

4)   other mitigative costs that were incurred on or after June 23, 2022, through the date of the Settlement Class Member's claim submission; and

5)   unpaid time off work to address issues fairly traceable to the Data Incident at the actual hourly rate of that Settlement Class Member.

Settlement Class Members who elect to submit a claim for reimbursement of Out-of-Pocket Losses must provide to the Claims Administrator information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation reasonably supporting their claim; and (3) a brief description of the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class

Member concerning the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to clarify or support other submitted documentation. Out-of-Pocket Losses will be deemed "fairly traceable" if: (1) the timing of the loss occurred on or after June 23, 2022, and (2) in the Claims Administrator's sole determination, the Out-of-Pocket Losses could reasonably be caused by the Data Incident. Claims for Out-of-Pocket Losses may be reduced *pro rata* if insufficient funds remain in the Settlement Fund after the payment of Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, and the CAFA Notice.

      2.3.2   <u>CCPA Payment</u>: California Subclass Members may submit a claim for a $200.00 cash payment as a result of the CCPA claim they have brought against Defendants as California residents. The CCPA Payment, for California residents, is in addition to any other Settlement benefits available, and is subject to a cap of $200,000.00. The CCPA payment may be *pro rata* decreased if insufficient funds remain in the portion of the Settlement Fund set aside for the CCPA Payments following the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, the CAFA Notice, and claims for Out-of-Pocket Losses.

      2.3.3   <u>*Pro Rata* Cash Payment</u>: All Settlement Class Members may file a claim for a *pro rata* portion of the Settlement Fund. The amount of this benefit shall be based on the number of claims received and the amount of funds remaining in the Settlement Fund following the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, the CAFA Notice, the cost of Credit Monitoring and Identity-Protection Services, claims for Out-of-Pocket Losses, and claims for CCPA Payments; however, in no event shall the amount of any individual *Pro Rata* Cash Payment exceed $500. As to any portion of the settlement fund that remains after all of the above have been paid, the Parties shall meet and confer regarding the appropriate use of such residual funds, including the possibility for using

residual funds for additional Credit Monitoring and Identity-Protection Services or whether any such funds shall be paid to one or more *cy pres* recipient, to be agreed upon by the Parties and approved by the Court, with no one cy pres recipient receiving more than $100,000. The Parties agree that no residual funds will revert to Defendants.

2.3.4   Credit Monitoring and Identity-Protection Services Benefit: All members of the Settlement Class who submit a valid Claim Form (regardless of whether they request a monetary payment under the settlement) shall be provided access to credit monitoring and identity-protection services through Pango Identity Defense Complete ("Identity Defense") for a period of 24 months from the date a member of the Settlement Class claims an offer for Identity Defense as provided on the Short Notice (defined below). Identity Defense will include a minimum of the following features: (1) identity theft insurance (with a $1,000,000 policy limit); (2) real-time credit monitoring services; and (3) access to fraud resolution agents. The costs for such services will be paid from the Settlement Fund, with the cost to be negotiated between Class Counsel and Pango.

2.3.5   Claim Form Submission: Settlement Class Members submitting a claim for Credit Monitoring and Identity-Protection Services, Out-of-Pocket Losses, CCPA Payments, and/or a *Pro Rata* Cash Payment must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the Claims Deadline. A Claim Form being filed for an Out-of-Pocket Expense and Loss reimbursement must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury. Notarization is not required. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.6.

2.4   Business Practice Commitments: Snap shall take or continue the implementation of reasonable steps to secure personal information within its servers. As part of those efforts, Snap agrees that it has taken or will take the following measures (or measures that are better protective

of consumer data security). Snap is responsible for all costs associated with implementing and/or maintaining these Business Practice Commitments, which costs are separate and apart from the Settlement Fund:

1) Use appropriate mechanisms to block suspicious website traffic.

2) Conduct appropriate penetration tests and audits on Snap's systems on a periodic basis, and address any problems or issues detected thereby on a risk-prioritized basis.

3) Periodically test, and train Snap's security personnel regarding new or modified procedures corresponding with their job responsibilities.

4) Conduct appropriate periodic computer system scanning and security checks.

5) Conduct appropriate periodic internal training and education to inform Snap employees about the company's security practices.

The requirements of this ¶ 2.5 shall remain in place for at least two (2) years following the date the court approves the settlement.

  2.5 <u>Validity of Claims</u>.

   2.5.1  The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support a claim for Out-of-Pocket Losses, pursuant to ¶¶ 2.3.1 and 2.6; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses or expenses as a result of the Data Incident. Subject to ¶ 2.6, the Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the claim, e.g., documentation requested on the Claim Form, information regarding the claimed expenses, and claims previously made for identity theft and the resolution thereof.

2.5.2   Upon receipt of an incomplete or unsigned Claim Form the Claims Administrator shall request additional information and give the claimant thirty (30) days to cure the defect before rejecting the claim. If the defect is not cured to the satisfaction of the Claims Administrator, then the claim will be deemed invalid, there shall be no obligation to pay the defective claim, and the claim shall not be considered a Valid Claim.

2.5.3   For a Claim Form for an Out-of-Pocket Loss that is not accompanied by sufficient documentation to support the claimed expenses, within thirty (30) days after the Claims Deadline, the Claims Administrator shall request additional information and give the claimant thirty (30) days to cure the defect before rejecting the claim, in whole or in part. If the defect is not cured to the satisfaction of the Claims Administrator, then any claim for Out-of-Pocket Losses under section ¶ 2.3.1 will be deemed invalid to the extent the documentation does not support the claim and as a Valid Claim to the extent the documentation supports the claim.  Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim. To the extent the claim is deemed invalid by the Claims Administrator, there will be no obligation to pay the claim and it will not be considered a Valid Claim. Notwithstanding the foregoing, the failure to provide sufficient information to support a claim for Out-of-Pocket Losses shall have no impact on a claimant's eligibility for a *Pro Rata* Cash Payment and/or CCPA Payment.

2.6   Settlement Checks. If a Settlement Class Member opts for payment via mailed check, all settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of payment on his/her claim, the Settlement Class Member's right to receive monetary relief shall be extinguished, and

neither the Settlement Fund, Claims Administrator, Defendants nor Settlement Class Counsel shall have any obligation to make payments to the Settlement Class Member on the claim. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days after the Effective Date, requests for re-issuance need not be honored after such checks become void.

2.7    Payment of Valid Claims, whether via mailed check or electronic distribution, shall be made within forty-five (45) days after the Effective Date.

2.8    <u>Settlement Class Certification</u>. The Parties agree, for purposes of this settlement only, to the certification of the Settlement Class and Settlement Subclass. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class and Settlement Subclass provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class and Settlement Subclass had never been certified, without prejudice to any Party's position on the issue of class certification or any other issue. The Parties' agreement to the certification of the Settlement Class and Settlement Subclass is also without prejudice to any position asserted by the Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**3.    Order of Preliminary Approval and Publishing of Notice of Final Approval Hearing**

3.1.    As soon as practicable after the execution of the Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court, and Class Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form substantially similar to **Exhibit D**, requesting, *inter alia:*

a)    certification of the Settlement Class and Settlement Subclass for settlement purposes only pursuant to ¶ 2.9;

b)   preliminary approval of the Settlement Agreement as set forth herein;

c)   appointment of Class Counsel as Settlement Class Counsel;

d)   appointment of Plaintiffs as Class Representatives;

e)   approval of the Short Notice to be emailed or mailed to Settlement Class Members and Settlement Subclass Members in a form substantially similar to the one attached as **Exhibit C** to this Settlement Agreement;

f)   approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as **Exhibit B** to this Settlement Agreement, which, together with the Short Notice, shall include a fair summary of the parties' respective litigation positions, statements that the settlement and notice of settlement are legitimate and that the Settlement Class and Settlement Subclass are entitled to benefits under the settlement, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, instructions for how to obtain the Credit Monitoring and Identity-Protection Services Benefit, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Approval Hearing;

g)   approval of a Claim Form to be used by Settlement Class Members and Settlement Subclass Members to make a claim in a form substantially similar to the one attached as **Exhibit A** to this Settlement Agreement; and

h)   appointment of Simpluris as the Claims Administrator.

3.2   <u>Notice Program</u>. The Short Notice, Long Notice, and Claim Form have been reviewed and approved by the Claims Administrator but may be revised as agreed upon by the Parties prior to submission to the Court for approval. Immaterial revisions to these documents may

also be made prior to dissemination of notice.

3.3     The Settlement Fund shall be used to pay for providing notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the other costs of Claims Administration. Attorneys' fees, costs, and expenses of Class Counsel, and any Service Awards to the Class Representative, as approved by the Court, shall be paid by Settlement Fund as set forth in ¶ 7 below. Notice shall be provided to the Settlement Class by the Claims Administrator as follows:

a)      *Class Member Information*: No later than fourteen (14) days after entry of the Preliminary Approval Order, Defendants shall provide the Claims Administrator with the names, email addresses, and any last known physical address of each member of the Settlement Class and Settlement Subclass (collectively, "Class Member Information") that Defendants possess.

b)      The Class Member Information and its contents shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Settlement Agreement or provide all data and information in its possession to the Parties upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information. The Claims Administrator shall delete all information associated with this Litigation when it no longer has a legal requirement to retain such data.

c)      *Settlement Website:* Prior to the dissemination of the Short Notice, the Claims Administrator shall establish a settlement website (www.SnapFinanceDataSettlement.com) that will inform members of the

Settlement Class of the terms of this Agreement, their rights, dates and deadlines and related information ("**Settlement Website**"). The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Agreement; (v) the CCAC; and (vii) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide members of the Settlement Class with the ability to complete and submit the Claim Form electronically. The Settlement Website shall be activated by the Notice Commencement Date and shall remain active until one hundred and eighty (180) days after the Effective Date.

d) *Short Notice:* By the Notice Commencement Date, the Claims Administrator will begin providing the Short Notice to the Settlement Class, which provision shall be substantially completed by the Short Notice Completion Date. Subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Claims Administrator will provide the Short Notice to the Settlement Class as follows:

   i. Via email to those members of the Settlement Class for whom Defendants have email addresses;

   ii. Via mail to the postal address in Defendants' possession. Before any mailing under this paragraph occurs, the Claims Administrator shall run the postal addresses of members of the Settlement Class through the United States Postal Service ("**USPS**") National Change of Address database to update any change of address on file with the USPS;

iii. In the event that a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Claims Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Short Notice;

iv. In the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and Objection Date, a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular member of the Settlement Class in question and, if such an address is ascertained, the Claims Administrator will re-send the Short Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

e)  Publishing, on or before the Notice Commencement Date, the Claim Form, Long Notice and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period as provided in Section 3.3(c);

f)  Publishing, on or before the Notice Commencement Date, a notice substantially in the form of the Short Notice in a general publication that

reaches the entire United States, such as PR Newswire;

g)    Providing the Settlement Class with a Reminder Notice at least thirty (30) days before the Claims Deadline, if requested by Class Counsel;

h)    A toll-free help line with a live operator shall be made available to provide members of the Settlement Class with additional information about the settlement. The Claims Administrator also will provide copies of the Long Notice and paper Claim Form, as well as this Settlement Agreement, upon request; and

i)    Contemporaneously with seeking Final Approval of the Settlement, Class Counsel and the Claims Administrator shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

3.4    The Short Notice, Long Notice, and other applicable communications to the Settlement Class may be adjusted by the Claims Administrator in consultation and agreement with the Parties as may be reasonable and not inconsistent with such approval. The Notice Program shall commence by the Notice Commencement Date.

3.5    The Parties through their respective counsel shall request that the Court hold a hearing (the "Final Approval Hearing") no fewer than 120 days after the Preliminary Approval Order and grant final approval of the settlement set forth herein. Class Counsel shall file a Motion for Final Approval at least thirty-five (35) days before the Final Approval Hearing (or at such other time as ordered by the Court).

**4.    Opt-Out Procedures**

4.1    Each Person wishing to opt-out of the Settlement Class shall individually sign (with a physical signature) and timely submit a written notice to the Claims Administrator of such intent by (a) mailing it with a postmark by the Opt-Out Date to the designated Post Office box established

by the Claims Administrator, or (b) emailing it to the Claims Administrator using the email address provided on the Settlement Website. To be effective, the written opt-out notice must include the following: (a) the requestor's name, address and email address; (b) the requestor's physical signature; (c) the name and number of this Litigation, *In Re: Snap Finance Data Breach Litigation*, Case No. 2:22-cv-00761-TS-JCB (D. Utah); and (d) a statement that clearly manifests his or her wish to be excluded from the Settlement Class for purposes of this settlement. To be effective, written notice must be postmarked or emailed no later than the Opt-Out Date.

4.2    All Persons who submit valid and timely notices of their intent to opt-out and not be a Settlement Class Member, as set forth in ¶ 4.1 above, referred to herein as "Opt-Out(s)," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Final Judgment Order entered thereon.

4.3    Persons submitting an Opt-Out are not entitled to any benefits of this settlement under Section 2.  Any member of the Settlement Class who submits an Opt-Out and a Claim Form shall not be entitled to receive any benefit and his or her claim shall not be considered a Valid Claim.

## 5.    Objection Procedures

5.1    Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (a) the objector's full name and address; (b) the case name and number, *In Re: Snap Finance Data Breach Litigation*, Case No. 2:22-cv-00761-TS-JCB (D. Utah); (c) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (*e.g.*, copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class

Member); (d) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (e) the identity of any and all counsel representing the objector in connection with the objection; (f) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (g) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be submitted to the Court either by filing it electronically or in person at any location of the United States District Court for the District of Utah, or by mailing it to the Class Action Clerk, United States District Court for the District of Utah, 351 South West Temple Street, Room 1.100, Salt Lake City, Utah 8410, and mailing it to Class Counsel and Defendants' counsel with a postmark or filing date no later than the Objection Date.

5.2     Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement or the Final Judgment Order approving this Settlement Agreement shall be pursuant to appeal under the Federal Rules of Civil Procedure and not through a collateral attack.

**6.     Releases**

6.1     Upon the Effective Date, each Settlement Class Member, Settlement Subclass Member, and Plaintiff, shall be deemed to have, and by operation of the Final Judgment Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, including, without limitation, Unknown Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, Settlement Subclass Member, and

Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

7.      **Class Counsel's Attorneys' Fees, Costs, and Expenses; Service Awards to Class Representatives**

7.1      The Parties did not discuss the amount of Attorneys' Fees and Expenses Award and/or Service Awards to Plaintiffs, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon.

7.2      Within forty-five (45) days after the Notice Commencement Date, Class Counsel will move the Court for an award of their reasonable attorneys' fees incurred in the Action in an amount not to exceed thirty percent (30%) of the Settlement Fund, and reimbursement of documented costs and expenses of an amount not to exceed $50,000.00. The amount of the Attorneys' Fees and Expenses Award shall be determined by the Court. Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs, and expenses awarded by the Court among Class Counsel.

7.3      Subject to Court approval, Class Counsel will move the court for service awards to the Class Representatives of up to $2,500 each (the "Service Awards"). The amount of the Service Awards shall be determined by the Court.

7.4      It is not a condition of this Settlement Agreement that any particular amount of attorneys' fees, costs, or expenses or Service Awards be approved by the Court, or that such fees, costs, expenses, or awards be approved at all. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Payments, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Settlement Agreement, or affect or delay the finality of the Final Judgment Order and

the Judgment.

7.5     If awarded by the Court, the Claims Administrator shall pay from the Settlement Fund any Attorneys' Fees and Expenses Award and any Service Awards for the Class Representatives, as set forth in ¶¶ 7.2 and 7.3 in the amounts awarded by the Court within forty-two (42) days after the Final Judgment Order if no appeals are taken and within fourteen (14) days after the Effective Date if the Final Judgment Order and/or Judgment are appealed. Payment will be made to M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation, at 865 Howe Avenue Sacramento, CA 95825. Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among themselves and the Service Awards to Plaintiffs consistent with ¶¶ 7.2 and 7.3.

**8.     Administration of Claims**

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶¶ 2.3 and 2.4. Class Counsel and Defendants shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Claims Administrator's determination of whether a Settlement Claim is a Valid Claim shall be binding.

8.2     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the timeframes set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Final Judgment Order.

8.3     No Person shall have any claim against the Claims Administrator, Defendants, Class Counsel, the Class Representative, and/or Defendants' counsel based on distributions of

benefits to Settlement Class Members.

8.4     Within ten (10) business days following the Court's entry of the Preliminary Approval Order and pursuant thereto, the Claims Administrator on behalf of the Defendants shall cause a CAFA Notice to be served upon the appropriate State and Federal officials. All expenses incurred in connection with the preparation and service of the CAFA Notice shall be payable from the Settlement Fund.

8.5     The funds provided by Snap to the Claims Administrator will be maintained by an escrow agent as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq*., of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution approved by the Parties.  Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process.

## 9.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

9.1     The Effective Date shall mean one (1) business day after the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the court; and (ii) the time to appeal or seek permission to appeal from the Final Judgment Order and Judgment has expired or, if appealed, any appeal has been dismissed in its entirety, or the Final Judgment Order has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any Attorneys' Fees and Expense Award or Service Awards made in this case shall not affect the calculation of the Effective Date.

9.2     If the Court does not approve the Settlement Agreement or the Effective Date does

not occur for any reason, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Class Counsel and Defendants' counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3     Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4     The Settlement Agreement may be terminated and cancelled at the sole and exclusive discretion of Defendants if 125 or more of the Settlement Class Members timely and validly exclude themselves from the Settlement Class, on the ground that exclusion at that level threatens to frustrate the essential purpose of this agreement. Defendants may exercise their right to terminate this Settlement Agreement under this subsection by providing written notification to Class Counsel of their election within five (5) business days after the Claims Administrator has delivered the Opt-Out List to the Parties.

9.5     In the event that the Settlement Agreement or the releases set forth in ¶ 6.1 above are not approved by the Court, the Effective Date does not occur for any reason, or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (a) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.* Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the

Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, the Settlement Fund shall be used to pay any Costs of Claims Administration that have already been incurred by the Claims Administrator, and the remaining Settlement Fund shall be paid back to Defendants or their insurer, as the case may be.

**10.    Miscellaneous Provisions**

10.1    The Parties (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2    The Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Parties each agree that the settlement was negotiated in good faith by the Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

10.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may

file the Settlement Agreement and/or the Final Judgment Order in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.5    The exhibits to this Settlement Agreement and any exhibits thereto are a material part of the settlement and are incorporated and made a part of the Agreement.

10.6    This Settlement Agreement, including all exhibits hereto, contains the entire understanding between Defendants and Plaintiffs regarding the payment of the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between Defendants and Plaintiffs in connection with the payment of the Litigation settlement. Except as otherwise provided herein, each party shall bear its own costs. This Settlement Agreement supersedes all previous agreements between Defendants and Plaintiffs.

10.7    Class Counsel, on behalf of the Settlement Class, are expressly authorized by the Class Representatives to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.8    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.9    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

10.10    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement. The Court shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Claims Administrator. As part of its agreement to render services in connection with this Settlement, the Claims Administrator shall consent to the jurisdiction of the Court for this purpose.

10.12    As used herein, "he" means "he, she, they, or it;" "his" means "his, hers, theirs, or its," and "him" means "him, her, them, or it."

10.13    The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Utah, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Utah.

10.14    All dollar amounts are in United States dollars (USD).

10.15    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement, including but not limited to those relating to all information exchanged for purposes of mediation or under the auspices of Federal Rule of Evidence 408. Defendants shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' or Settlement Subclass Members'

counsel, including any potential objectors or counsel representing a Settlement Class Member or Settlement Subclass Member individually, other than what is expressly provided for in this Agreement. Class Counsel agree to hold Defendants harmless from any claim regarding the division of any award of attorneys' fees and expenses to Class Counsel, and any claim that the term "Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any attorneys' fees or expense awarded to Class Counsel in this lawsuit.

10.16   Except as required by law or any other disclosure obligations, or as provided herein, the Parties, and the Parties' counsel, shall not issue any press releases or make any postings on social media about this case or the settlement; however, Defendants may respond to relevant posts on Defendants' website or social media sites, and a Party or the Party's counsel may also respond to any incoming press inquiry about this case or the Settlement with a responsive statement approved in advance by the opposing Party or the opposing Party's counsel. Counsel for the Parties may identify this case, its nature, and the fact that it settled on their personal or firm resumes and on their websites.

10.17   The attached Appendix A compiles the dates and deadlines established by this Agreement. The Appendix is provided for convenience and should not be interpreted to alter the substance of this Agreement in any way.

IN WITNESS WHEREOF, the Parties have executed the Settlement Agreement.

**Class Counsel**

By: _____

William B. Federman
wbf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560


By: _____

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue Sacramento, CA 95825
Telephone: (916) 239-4778


By: _____

Brian D. Flick
notices@dannlaw.com
**DANNLAW**
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0536


**Plaintiffs/Class Representatives**


By: _____
Tracy Tanner



By: _____
Victor Sanchez



By: _____

**Attorneys for Defendants**

By: _____

Christopher G. Dean
cdean@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400

Timothy J. Lowe
tlowe@mcdonaldhopkins.com
**MCDONALD HOPKINS PLC**
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070

Chad S. Pehrson
cpehrson@kba.law
**KUNZLER BEAN & ADAMSON**
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646


**Defendants Snap Finance LLC and Snap**
**RTO LLC**


By: _____
          Rob Barnhart, President

**Class Counsel**


By: _____

William B. Federman
wbf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560

By: _____

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue Sacramento, CA 95825
Telephone: (916) 239-4778

By: _____

Brian D. Flick
notices@dannlaw.com
**DANNLAW**
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0536


**Plaintiffs/Class Representatives**


By: _____
Tracy Tanner


By: _____
Victor Sanchez


By: _____

**Attorneys for Defendants**


By: _____

Christopher G. Dean
cdean@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400

Timothy J. Lowe
tlowe@mcdonaldhopkins.com
**MCDONALD HOPKINS PLC**
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070

Chad S. Pehrson
cpehrson@kba.law
**KUNZLER BEAN & ADAMSON**
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

**Defendants Snap Finance LLC and Snap RTO LLC**


By: _____
        Rob Barnhart, President

**Class Counsel**

By: _____

William B. Federman
wbf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560

By: _____

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue Sacramento, CA 95825
Telephone: (916) 239-4778

By: *Brian D. Flick /WK*

Brian D. Flick
notices@dannlaw.com
**DANNLAW**
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0536

**Plaintiffs/Class Representatives**

By: _____
Tracy Tanner

By: _____
Victor Sanchez

By: _____

**Attorneys for Defendants**

By: _____

Christopher G. Dean
cdean@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400

Timothy J. Lowe
tlowe@mcdonaldhopkins.com
**MCDONALD HOPKINS PLC**
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070

Chad S. Pehrson
cpehrson@kba.law
**KUNZLER BEAN & ADAMSON**
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

**Defendants Snap Finance LLC and Snap RTO LLC**

By: _____
        Rob Barnhart, President

**Class Counsel**


By: _____

William B. Federman
wbf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560


By: _____

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue Sacramento, CA 95825
Telephone: (916) 239-4778


By: _____

Brian D. Flick
notices@dannlaw.com
**DANNLAW**
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0536


**Plaintiffs/Class Representatives**

By: _____  09 / 07 / 2023
Tracy Tanner


By: _____
Victor Sanchez


By: _____

**Attorneys for Defendants**


By: _____

Christopher G. Dean
cdean@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400

Timothy J. Lowe
tlowe@mcdonaldhopkins.com
**MCDONALD HOPKINS PLC**
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070

Chad S. Pehrson
cpehrson@kba.law
**KUNZLER BEAN & ADAMSON**
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

**Defendants Snap Finance LLC and Snap RTO LLC**


By: _____
     Rob Barnhart, President

Doc ID: c3408a77b24d83c41c711a67935796d7e4e7ef03

**Class Counsel**

By: _____

William B. Federman
wbf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560

By: _____

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue Sacramento, CA 95825
Telephone: (916) 239-4778

By: _____

Brian D. Flick
notices@dannlaw.com
**DANNLAW**
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0536

**Plaintiffs/Class Representatives**

By: _____
Tracy Tanner

By: _____
Victor Sanchez (Sep 11, 2023 11:48 PDT)
Victor Sanchez

By: _____

**Attorneys for Defendants**

By: _____

Christopher G. Dean
cdean@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400

Timothy J. Lowe
tlowe@mcdonaldhopkins.com
**MCDONALD HOPKINS PLC**
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070

Chad S. Pehrson
cpehrson@kba.law
**KUNZLER BEAN & ADAMSON**
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

**Defendants Snap Finance LLC and Snap RTO LLC**

By: _____
        Rob Barnhart, President

<div style="display:flex">
<div style="width:50%">

**Class Counsel**


By: _____

William B. Federman
wbf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560


By: _____

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,
A PROFESSIONAL CORPORATION**
865 Howe Avenue Sacramento, CA 95825
Telephone: (916) 239-4778


By: _____

Brian D. Flick
notices@dannlaw.com
**DANNLAW**
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0536


**Plaintiffs/Class Representatives**


By: _____
Tracy Tanner


By: _____
Victor Sanchez


By: _____ *Tameka Montgomery*

</div>
<div style="width:50%">

**Attorneys for Defendants**


By: _____

Christopher G. Dean
cdean@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400


Timothy J. Lowe
tlowe@mcdonaldhopkins.com
**MCDONALD HOPKINS PLC**
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070


Chad S. Pehrson
cpehrson@kba.law
**KUNZLER BEAN & ADAMSON**
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646


**Defendants Snap Finance LLC and Snap
RTO LLC**


By: _____
        Rob Barnhart, President

</div>
</div>

Tameka Montgomery

By: _____
Sterling Simeon


By: _____
Monique Graves


By: _____
Carolyn Sanders


By: _____
Nick Peppelaar


By: _____
Tara Schulmeister

Doc ID: 3b50dd2e5a1b181d58e0ddc537b77cf026b00402

Tameka Montgomery


By: _____
Sterling Simeon


By: _____
Monique Graves


By: _____
Carolyn Sanders


By: _____
Nick Peppelaar


By: _____
Tara Schulmeister

Tameka Montgomery


By: _____
Sterling Simeon


By: _____
Monique Graves


By: _____
Carolyn Sanders


By: _____
Nick Peppelaar


By: _____
Tara Schulmeister

Tameka Montgomery


By: _____
Sterling Simeon


By: _____
Monique Graves


By: _____
Carolyn Sanders

*Nicholas Peppelaar*
By: Nicholas Peppelaar (Sep 8, 2023 10:16 MDT)
_____
Nick Peppelaar


By: _____
Tara Schulmeister

**Class Counsel**

By: _____

William B. Federman
wbf@federmanlaw.com
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560

By: _____

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD,
A PROFESSIONAL CORPORATION**
865 Howe Avenue Sacramento, CA 95825
Telephone: (916) 239-4778

By: _____

Brian D. Flick
notices@dannlaw.com
**DANNLAW**
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0536

**Plaintiffs/Class Representatives**

By: _____
Tracy Tanner

By: _____
Victor Sanchez

By: _____

**Attorneys for Defendants**

By: _____

Christopher G. Dean
cdean@mcdonaldhopkins.com
**MCDONALD HOPKINS LLC**
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400

Timothy J. Lowe
tlowe@mcdonaldhopkins.com
**MCDONALD HOPKINS PLC**
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070

Chad S. Pehrson
cpehrson@kba.law
**KUNZLER BEAN & ADAMSON**
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

**Defendants Snap Finance LLC and Snap RTO LLC**

By: _____
Spencer Clawson, EVP, Finance

## APPENDIX A

## SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
|---|---|
| Snap provides list of Settlement Class Members to the Claims Administrator | +14 days |
| Snap pays cost of Settlement Fund | +30 days |
| Notice Commencement Date | +30 days |
| Short Notice Completion Date | +45 days |
| **From Notice Commencement Date** | |
| Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses | +45 days (*i.e.*, 75 days after Order Granting Preliminary Approval) |
| Objection Deadline | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Exclusion Deadline | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Optional Reminder Notice | +60 days (*i.e.*, 90 days after Order Granting Preliminary Approval) |
| Claims Deadline | +90 days (*i.e.*, 120 days after Order Granting Preliminary Approval) |
| **Final Approval Hearing** | +120 days from Order Granting Preliminary Approval |
| Motion for Final Approval | At least 35 days before Final Approval Hearing |
| **From Order Granting Final Approval** | |
| | |
| Effective Date | +30 days, assuming no appeals |
| Payment of Attorneys' Fees and Expenses and Class Representative Service Awards | +42 days, assuming no appeals, or +14 days after the Effective Date if an appeal is taken |

# EXHIBIT A

*Tracy Tanner v. Snap Finance LLC & Snap RTO LLC*, Case No. 2:22-cv-00761-TS-JCB

## CLAIM FORM

If **Snap Finance LLC and/or Snap RTO LLC** notified you of a data-security incident in or around December 2022 (the "Data Incident"), you may be eligible to receive benefits under a class action settlement using this claim form. This claim form may be filled out online at www.SnapFinanceDataSettlement.com or submitted by mail to: **P.O. BOX**.

Please complete the claim form for each category of benefits that you would like to claim. Categories include: (1) Credit Monitoring and Identity Theft Protection; (2) Out-of-Pocket Expense Reimbursement; (3) Pro Rata Cash Payment; and (4) Cash Payment under the California Consumer Privacy Act (California residents only). If you are claiming out-of-pocket expenses, please be sure to fill in the total amount you are claiming and attach the required documentation.

**NOTE: YOU MUST SIGN THE CLAIM FORM AT THE BOTTOM OF THIS FORM IN ORDER TO HAVE A VALID CLAIM.**

If you wish to submit a claim for settlement benefits, you need to provide the information requested below and submit your claim form to the Settlement Administrator **by no later than _____ 2023.**

(Please visit www.SnapFinanceDataSettlement.com or call 1-_____ for more information on your legal rights and options.)

*Si necesita ayuda en español, comuníquese con el administrador al [insertar número].*

## Contact Information

Name: _____

Address: _____

City, State, Zip Code: _____

Email Address: _____

Telephone Number: _____

Unique ID Number Provided on Notice: _____

## Credit Monitoring Services

To receive the credit monitoring and identity theft protection plan offered as part of the settlement, please check the box box:

☐ I would like to claim two (2) years of credit monitoring and identity theft protection provided by Pango Identity Defense Complete at no cost to me.

## Out-of-Pocket Loss and Expense Reimbursement

Allowable out-of-pocket expenses are detailed in the Settlement Agreement, available at www.SnapFinanceDataSettlement.com. To receive up to **$5,000.00** in reimbursement of out-of-pocket losses caused by, or expenses incurred as a result of, the Data Incident, please provide the following information:

Amount Requested: $ _____._____

Please briefly describe the out-of-pocket expenses and how they relate to the Data Incident:

_____

_____

Documentary proof **MUST** be submitted to support your exact claim amount.  "Self-prepared" documents are, by themselves, insufficient.

## Pro Rata Cash Payment

All Class Members are eligible to claim a Pro Rata payment of up to $500 by checking the box below. The specific amount of this payment will be based on the number of claims received.

☐ I would like to claim a Pro Rata payment of up to $500.

## Cash Payment Under the California Consumer Privacy Act (CCPA)

**CALIFORNIA RESIDENTS ONLY.** If you were a resident of California between June 23, 2022, and September 8, 2022, you may submit a claim for a payment of up to $200 under the CCPA by checking the box below. The specific amount of this payment will be based on the number of claims received.

☐ I was a California resident between June 23, 2022, and September 8, 2022, and would like to claim a payment under the CCPA of up to $200.

**Attestation (You must check the box below to obtain compensation for California statutory claim benefits)**

☐ I declare under penalty of perjury under the laws of the State of Utah that I was a resident of California at the time of the Data Incident.

## SIGN AND DATE YOUR CLAIM FORM

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my knowledge and belief, and is made under the penalty of perjury. I understand that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid and authorize the Settlement Administrator to contact me using the contact information set forth above to obtain any necessary supplemental information.

Signature: _____   Date (mm/dd/yyyy): _____   Print Name: _____

The deadline to submit this form is [_____], 2023

**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF SUBMISSION**

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

**If you provided personal identifiable information to Snap Finance LLC and/or Snap RTO LLC, and received a notice in December 2022 stating that your personal information may have been impacted in a data incident, this Settlement may affect your rights and may entitle you to a cash payment and/or credit monitoring services.**

*A court has authorized this notice. This is not a solicitation from a lawyer. Please read this notice carefully and completely.*

- A class action lawsuit captioned *Tracy Tanner v. Snap Finance LLC & Snap RTO LLC*, Case No. 2:22-cv-00761-TS-JCB ("Lawsuit"), was filed in the United States District Court for the District of Utah ("Court"), on behalf of all U.S. residents whose personal information may have been impacted in a Snap Finance LLC and/or Snap RTO LLC (collectively, "Snap Finance") data incident that occurred between June 23, 2022, and September 8, 2022 ("Class"). The Lawsuit alleges that Snap Finance acted improperly in securing personal identifiable information ("PII").

- Snap Finance denies any wrongdoing and denies the claims and allegations asserted in the Lawsuit. The Court has not ruled on the merits of the plaintiffs' claims and has made no determination of violations or liability against Snap Finance. The parties nevertheless have agreed to settle the Lawsuit ("Settlement") to avoid the risks and uncertainties of continued litigation.

- You may receive a cash payment and two years of credit monitoring and identity theft protection services if you are a member of the Class and timely submit an approved claim form.

- Your legal rights are affected by whether you act or don't act. ***Read this notice carefully***.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| SUBMIT A CLAIM FORM BY [DATE] | This is the only way to receive a cash payment and/or credit monitoring services. If you submit a Claim Form, you **will** be bound by the terms of the Settlement. |
| EXCLUDE YOURSELF BY [DATE] | You **will not** receive either a cash payment or credit monitoring services under the Settlement and you **will not** be bound by the terms of the Settlement. This is the only option that allows you to ever be part of any other lawsuit against Snap Finance about the legal claims in this case. |
| OBJECT TO THE SETTLEMENT BY [DATE] | Write to the Court about why you don't like the Settlement. |
| DO NOTHING | Get no Settlement benefits. Be bound by the Settlement. |

The Court in charge of this case must still decide whether to grant final approval of the settlement. Payments and vouchers for credit monitoring services will be issued if the Court grants final approval and after appeals, if any, are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

Page

**BASIC INFORMATION**

1. Why did I get a notice? .................................................................. 3

2. What is this Lawsuit about? ............................................................ 3

3. Why is this a class action? ............................................................. 3

4. Why is there a Settlement? ............................................................. 3

**WHO IS IN THE SETTLEMENT**

5. How do I know if I am part of the Settlement? ................................ 3

**THE SETTLEMENT BENEFITS—WHAT YOU GET**

6. What does the Settlement provide? ................................................. 4

7. What can I get from the Settlement? ............................................... 4

8. How can I get a cash payment and/or credit monitoring services? ....... 4

9. When would I get my cash payment and/or voucher for credit monitoring services? ............. 4

10. What am I giving up if I get a cash payment and/or credit monitoring services under this Settlement? ............................................................................. 4

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

11. How do I get out of the Settlement? ............................................. 4

12. If I don't exclude myself, can I sue Defendant for the same thing later? ......... 5

13. If I exclude myself, can I get a cash payment and/or credit monitoring services from this Settlement? ............................................................................. 5

**THE LAWYERS REPRESENTING YOU**

14. Do I have a lawyer in this case? ................................................... 5

15. How will the lawyers be paid? ...................................................... 5

**OBJECTING TO THE SETTLEMENT**

16. How do I tell the Court that I don't like the Settlement? ................. 5

17. What's the difference between objecting and excluding? ................. 6

**THE COURT'S FINAL APPROVAL HEARING**

18. When and where will the Court decide whether to approve the Settlement? ........ 6

19. Do I have to come to the hearing? ................................................ 6

20. May I speak at the hearing? .......................................................... 6

**IF YOU DO NOTHING**

21. What happens if I do nothing at all? .............................................. 6

**GETTING MORE INFORMATION**

22. How do I get more information about the Settlement? ...................... 7

## BASIC INFORMATION

**1. Why did I get a notice?**

Your personal information may have been impacted by a data incident at Snap Finance. The Court determined that you have a right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to grant final approval of the Settlement. If the Court approves it, and after any objections and appeals are resolved, the benefits will be distributed to eligible claimants in the manner described below.

This notice explains the Lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the District of Utah, and the case is known as *Tracy Tanner v. Snap Finance LLC & Snap RTO LLC*, Case No. 2:22-cv-00761-TS-JCB. The people who sued are called Plaintiffs. Snap Finance is called the Defendant.

**2. What is this Lawsuit about?**

Plaintiffs allege that between June 23, 2022, and September 8, 2022, unauthorized actors accessed the PII of approximately 61,302 consumers that was stored on Defendants' network. Defendant sent notification letters of the data incident to those consumers in or around December 2022. Starting December 9, 2022, Plaintiffs filed lawsuits claiming that Defendant acted improperly in securing their PII. Those multiple lawsuits have been consolidated into this Lawsuit. Defendant denies that it did anything wrong.

**3. Why is this a class action?**

In a class action, one or more people, called Class Representatives (in this case Tracy Tanner, Victor Sanchez, Tameka Montgomery, Sterling Simeon, Monique Grayes, Carolyn Sanders, Nick Peppelaar, and Tara Schulmeister), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The United States District Court for the District of Utah oversees this class action.

**4. Why is there a Settlement?**

The Court did not decide in favor of either Plaintiffs or Defendant. Instead, after numerous documents were exchanged and the Court made rulings, both sides agreed to a Settlement. By settling, they avoid the cost and uncertainty of a trial. The Class Representatives and the attorneys think the Settlement is best for everyone.

## WHO IS IN THE SETTLEMENT

**5. How do I know if I am part of the Settlement?**

The Court decided that everyone who fits this description is a Class Member:

U.S. residents who: (i) provided personal identifiable information to Snap Finance LLC and/or Snap RTO LLC; and (ii) received a letter from Snap in December 2022 with notification of the Data Incident.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 6. What does the Settlement provide?

Defendant has agreed to establish a settlement fund of $1,800,000.00. All Class Members who timely submit an approved claim will receive (2) two years of credit monitoring and identity theft protection services. Class Members may also receive a cash payment, as described below.

Plaintiffs' attorneys' may be paid fees of up to 30% of the settlement fund, and up to $50,000 in reimbursement for costs of litigation, from the settlement fund upon Court approval. Up to now, Plaintiffs' attorneys have not been compensated for the time, or reimbursed for the expense, of litigating this lawsuit.

### 7. What can I get from the Settlement?

All Class Members who timely submit an approved claim will receive a voucher redeemable for two years of credit monitoring services. Further, Class Members who incurred out-of-pocket expenses related to the data incident and who timely submit an approved claim will also receive a cash payment of up to $5,000. In addition, all class members may also submit a claim for a Pro Rata cash payment. Lastly, Class Members who are California residents may also receive a cash payment of up to $200 under the California Consumer Protection Act ("CCPA"). The final amount of the CCPA and Pro Rata cash payments will be determined by the number of claims received.

### 8. How can I get a cash payment and/or credit monitoring services?

To receive the benefits described above you must timely submit a valid claim. You may do this by filling out and submitting the Claim Form online at www.SnapFinancerDataSettlement.com or downloading the Claim Form and submitting it by mail. You may also call [**TOLL FREE NUMBER**] to request that a Claim Form be mailed to you. If you are submitting a paper Claim Form, make sure that *all* fields are completed, including your full name, mailing address, email address, contact phone number, and Unique ID Number provided on the Notice, and that the declaration is signed and dated.

### 9. When would I get my cash payment and/or voucher for credit monitoring services?

The Court will hold a hearing on [**HEARING DATE**] to decide whether to approve the Settlement. If the Court approves the Settlement, there could be appeals afterward, which will take time to resolve. Please be patient.

### 10. What am I giving up if I get a cash payment and/or credit monitoring services under this Settlement?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendant about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must submit a written statement clearly stating that you wish to be excluded from the Settlement reached in *Tracy Tanner v. Snap Finance LLC & Snap RTO LLC*, Case No. 2:22-cv-00761-TS-JCB. The written statement must include your full name, mailing address, and email address, and must be dated and physically signed.

Your written request for exclusion must be mailed and postmarked no later than [**EXCLUSION DATE**] to:

**[P.O. BOX ADDRESS]**

You may also email a scanned copy of your written statement to [**EMAIL ADDRESS**].You can't exclude yourself by telephone. If you ask to be excluded, you should not submit a claim for any benefits provided for in the Settlement, and you cannot object to the Settlement. If you exclude yourself, you will not be legally bound by anything that happens in this Lawsuit. You may be able to sue (or continue to sue) Defendant over these claims in the future.

| **12. If I don't exclude myself, can I sue the Defendant for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up the right to sue Defendant for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from the Class to continue your own lawsuit. Remember, the exclusion deadline is [**EXCLUSION DATE**].

| **13. If I exclude myself, can I get a cash payment and/or credit monitoring services from this Settlement?** |
| --- |

No. If you exclude yourself, you cannot receive any of the benefits of this Settlement. However, you may sue, continue to sue, or be part of a different lawsuit against Defendant.

## THE LAWYERS REPRESENTING YOU

| **14. Do I have a lawyer in this case?** |
| --- |

Yes. The Court has appointed William B. Federman of Federman & Sherwood; M. Anderson Berry of Clayeo C. Arnold, APC; and Brian D. Flick of DannLaw, as "Class Counsel" to represent you and other Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15. How will the lawyers be paid?** |
| --- |

Class Counsel will ask the Court for attorneys' fees of up to 30% of the settlement fund, and expenses of up to $50,000.00. This amount will be paid from the settlement fund. Up to now, Class Counsel have not been compensated for the time, or reimbursed for the expense, of litigating this lawsuit.

Additionally, Class Counsel will ask for a service award of $2,500.00 each for Plaintiffs Tracy Tanner, Victor Sanchez, Tameka Montgomery, Sterling Simeon, Monique Grayes, Carolyn Sanders, Nick Peppelaar, and Tara Schulmeister, because they are the Plaintiffs who brought this Lawsuit on behalf of all Class Members. Service awards are commonly granted to recognize the efforts of Plaintiffs in bringing and prosecuting lawsuits on behalf of others.

The cost of administering the Settlement will also be paid from the settlement fund.

## OBJECTING TO THE SETTLEMENT

| **16. How do I tell the Court that I don't like the Settlement?** |
| --- |

You can tell the Court that you don't agree with the Settlement, or some part of it. This is called an "objection." You can give the reasons why you think the Court should not approve the Settlement. The Court will consider your views.

To object, you must send a letter stating that you object to the proposed Settlement in *Tracy Tanner v. Snap Finance LLC & Snap RTO LLC*, Case No. 2:22-cv-00761-TS-JCB. Be sure to include your full name, mailing address, the specific reasons you object to the Settlement, and any legal support for the objection. You must also provide proof that you are a member of Class, as defined above in question 5. If you have an attorney representing you in connection with this objection, identify who the attorney is, and whether they intend to appear at the Final Approval hearing. Make sure to sign and date your objection.

The objection must be postmarked no later than **[OBJECTION DATE]**, and sent to all three of the following:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Senior Judge Ted Steward | William B. Federman | Christopher G. Dean |
| Orrin G. Hatch U.S. Courthouse | Federman & Sherwood | McDonald Hopkins LLC |
| 351 S.W. Temple St., Room 10.320 | 10205 N. Pennsylvania Avenue | 600 Superior Av. E., St. 2100 |
| Salt Lake City, Utah 84101 | Oklahoma City, OK 73120 | Cleveland, OH 44114 |

## 17. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **[HEARING DATE]**, at Orrin G. Hatch United States Courthouse, 351 South West Temple Street, Room 8.300, Salt Lake City, Utah 84101. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel, and whether to grant the requests for service awards. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## 19. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense if you choose. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter stating that it is your "Notice of Intention to Appear in *Tracy Tanner v. Snap Finance LLC & Snap RTO LLC*, Case No. 2:22-cv-00761-TS-JCB." You may include this notice in your written objection. Be sure to include your name and mailing address, and sign your letter. Your Notice of Intention to Appear must be postmarked no later than **[OBJECTION DATE]**, and be sent to:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Senior Judge Ted Steward | William B. Federman | Christopher G. Dean |
| Orrin G. Hatch U.S. Courthouse | Federman & Sherwood | McDonald Hopkins LLC |
| 351 S.W. Temple St., Room 10.320 | 10205 N. Pennsylvania Avenue | 600 Superior Av. E., St. 2100 |
| Salt Lake City, Utah 84101 | Oklahoma City, OK 73120 | Cleveland, OH 44114 |

## IF YOU DO NOTHING

## 21. What happens if I do nothing at all?

If you do not exclude yourself and do nothing, you will not receive any of the benefits of the Settlement, and will still be bound by the terms of the Settlement.

**GETTING MORE INFORMATION**

| **22. How do I get more information about the Settlement?** |
| --- |

This notice summarizes the proposed Settlement. Full details are in the Settlement Agreement and other documents available on the Settlement website at www.SnapFinanceDataSettlement.com. You may also contact the Settlement Administrator at [**TOLL FREE NUMBER**].

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT, THE DEFENDANT, OR THE DEFENDANT'S LAWYERS FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

# EXHIBIT C

# UNIQUE ID NUMBER: _____

**Legal Notice**

*Tracy Tanner v. Snap Finance LLC & Snap RTO LLC*, Case No. 2:22-cv-00761-TS-JCB

**If Snap Finance LLC and/or Snap RTO LLC notified you of a Data Incident in or around December 2022, you may be eligible for a <u>CASH PAYMENT</u> or other benefits under a class action settlement.**

*Si necesita ayuda en español, comuníquese con el administrador al [insertar número].*

A settlement has been reached in a class action lawsuit concerning a data incident that involved personally identifiable information ("PII") collected by Snap Finance LLC and/or Snap RTO LLC (collectively "Snap Finance" or "Defendant") that occurred between June 23, 2002, and September 8, 2022 (the "Data Incident"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendant acted improperly in securing this PII. Defendant denies any wrongdoing. The Court has not ruled on the merits of Plaintiffs' claims and has made no determination of violations or liability against Defendant. The parties nevertheless have agreed to settle the lawsuit to avoid the risks and uncertainties of continued litigation.

**Who is included in the Settlement?** Defendant's records show you are a member of the Settlement Class. The Settlement Class includes all U.S. residents who: (i) provided PII to Defendant; and (ii) received a letter from Defendant in December 2022 with notification of the Data Incident.

**What are the settlement benefits?** The Settlement provides for (2) two years of credit monitoring and identity theft protection services for everyone who timely submits a valid claim. Further, the Settlement provides up to $5,000 in cash reimbursement for out-of-pocket losses related to the Data Incident. In addition, all class members may submit a claim for a Pro Rata cash payment of up to $500. Lastly, class members who are California residents may claim a cash payment of up to $200 under the California Consumer Protection Act ("CCPA"). The final amount of the CCPA and Pro Rata cash payments will be determined by the number of claims received.

**How do I receive a payment or other benefit?** To receive any payments or benefits under the Settlement, you **MUST** submit a claim. To submit a claim, you may either **CLICK HERE,** or visit www.SnapFinanceDataSettlement.com. You may also call **[TOLL FREE NUMBER]** to request that a Claim Form be mailed to you. **Claims must be submitted online or postmarked by [DATE].**

If you do not want to be legally bound by the Settlement, you must exclude yourself by **[DATE]** or you will not be able to sue the Defendant for released claims relating to the Data Incident. If you exclude yourself, you cannot get money or benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[DATE]**. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing in this case on **[DATE]** at the **[ADDRESS]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees of up to 30% of the Settlement Fund and reimbursement of litigation expenses of no more than $50,000.00 for litigating the case and negotiating the Settlement on behalf of the Class, and service awards of $2,500 for the Plaintiffs. You may attend the hearing, but you do not have to.

For more information, call **[TOLL FREE NUMBER]** or visit www.SnapFinanceDataSettlement.com and read the detailed Notice.

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: SNAP FINANCE DATA BREACH LITIGATION | Lead Case No. 2:22-cv-00761-TS-JCB |
| | District Judge Ted Stewart |
| | Magistrate Judge Jared C. Bennett |
| | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, on December 9, 2022, Plaintiff Tracy Tanner filed a Class Action Complaint (the "Complaint") in the United States District Court for the District of Utah against Defendants Defendants Snap Finance LLP and Snap RTO LLC ("Defendants" or "Snap"). *See* ECF No. 1;

WHEREAS, Plaintiffs Victor Sanchez, Tameka Montgomery, Sterling Simeon, Monique Graves, Carolyn Sanders, Nick Peppelaar, and Tara Schulmeister (collectively with Plaintiff Tanner, "Plaintiffs") filed five separate class action lawsuits against the Defendants, asserting claims for relief emanating from the same incident. These class action lawsuits were consolidated before this Court under the lead case 2:22-cv-00761-TS-JCB (the "Lawsuit").[1] *See* ECF No. 29;

---

[1] Cases consolidated under the lead case include: *Tracy Tanner v. Snap Finance LLC, et al.*, Case No. 2:22-cv-00761-TS-TCB (D. Utah); *Tameka Montgomery, et al. v. Snap Finance LLC, et al.*, Case No. 2:22-cv-00775 (D. Utah); *Victor Sanchez, et al. v. Snap Finance, LLC, et al.*, Case No.

WHEREAS, the Court appointed M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation, William B. Federman of Federman & Sherwood, and Brian D. Flick of DannLaw as Interim Co-Lead Class Counsel ("Class Counsel");

WHEREAS, Plaintiffs individually and on behalf of themselves and on behalf of all others similarly situated and the proposed Settlement Class (defined below), and Defendants (collectively, the "Settling Parties"), have entered into a Settlement Agreement resolving the Lawsuit, subject to Court approval;

WHEREAS, the Lawsuit was settled as a result of arm's-length negotiations facilitated by an experienced mediator, and investigation and informal discovery sufficient to permit counsel and the Court to act knowingly, and counsel are well experienced in similar class action litigation;

WHEREAS, Plaintiffs, the proposed Class Representatives, have moved the Court for entry of an Order Granting Preliminary Approval of Class Action Settlement and Conditionally Certifying the Settlement Classes ("Preliminary Order"): approving the Settlement, conditionally certifying the Settlement Class for settlement purposes only, and approving the form and method of notice upon the terms and conditions set forth in the Settlement Agreement, together with all exhibits thereto;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement; and

WHEREAS, the Court having considered the Settlement Agreement, together with all exhibits thereto and records in this case, and the arguments of counsel and for good cause appearing, **NOW, THEREFORE, IT IS HEREBY ORDERED:**

---

2:22-cv-00791 (D. Utah); *Monique Grayes, et al. v. Snap Finance LLC, et al.*, Case No. 3:23-cv-00058 (N.D. Cal.); and *Nick Peppelaar, et al. v. Snap Finance LLC, et al.*, Case No.: 2:23-cv-00064 (D. Utah).

32433701.1

1.      The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.      Pursuant to F.R.C.P. Rule 23 (b)(3) and (e) and for purposes of this Settlement only, the Court grants provisional certification to the following Settlement Class and the Settlement Subclass:

> **The Settlement Class:** All U.S. residents who (i) provided personal identifiable information to Snap Finance LLC and/or Snap RTO LLC for the purpose obtaining a loan, and (ii) received a letter from Snap in December 2022 with notification of the Data Incident.

The Settlement Class specifically excludes: (i) Defendants and their respective officers and directors (ii) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iii) any other Person found by a court of competent jurisdiction to be a guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

> **The Settlement Subclass:** All California residents whose PII was accessed on Defendants' systems in the Data Incident and who were sent a notice of the Data Incident.

The Settlement Subclass specifically excludes: (i) Defendants and their respective officers and directors; (ii) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

3.      The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement

Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4.      For the purposes of the settlement only, Plaintiffs Tracy Tanner, Victor Sanchez, Tameka Montgomery, Sterling Simeon, Monique Grayes, Carolyn Sanders, Nick Peppelaar, and Tara Schulmeister are preliminarily certified as Class Representatives.

5.      The Court finds that Brian D. Flick, William B. Federman, and M. Anderson Berry are experienced and adequate counsel and are hereby provisionally designated as Interim Co-Lead Class Counsel under Fed. R. Civ. P. 23(a)(4).

6.      The Court preliminarily finds that the proposed settlement should be approved as: (a) the result of serious and extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed settlement to Settlement Class Members and further consideration of the settlement at the Final Approval Hearing described below.

7.      The Final Approval Hearing shall be held before this Court on _____ _____, 2023 at _____ A.M./P.M. at the Orrin G. Hatch United States District Court, District of Utah, 351 South West Temple Street, Salt Lake City, Utah 84101. At

4

this hearing, the Court will determine: (a) whether the proposed settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether the [Proposed] Final Judgment and Order as provided under the Settlement Agreement should be entered; (c) whether the Settlement Class should be finally certified for purposes of the settlement; (d) whether Plaintiffs and Class Counsel should be finally appointed as Class Representatives and Class Counsel; (e) the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel; and (f) any Service Awards to the Class Representatives. The Court will also hear any objections by Settlement Class Members to: (a) the settlement; (b) the award of attorneys' fees and costs to Class Counsel; (c) service awards to the Class Representatives; and the Court will consider such other matters the Court deems appropriate.

8.      The Court approves, as to form and content, the use of the Class Claim Form in a form substantially similar to those attached as Exhibit A to the Settlement Agreement.

9.      The Court approves as to form and content the Long Form Notice to be posted on the Settlement Website, in a form substantially similar to the one attached as Exhibit B to the Settlement Agreement.

10.      The Court approves as to form and content, the Short Form Notice (Postcard Notice) to be mailed and/or emailed to Settlement Class Members in a form substantially similar to the one attached as Exhibit C to the Settlement Agreement.

11.      The Court finds that the mailing and distribution of the Class Notice substantially in the manner and form set forth in the Settlement Agreement: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the

settlement and to apprise Settlement Class Members of their right to object to the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfies all applicable requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), the Due Process Clauses under the United States Constitution, the Rules of this Court, and other applicable laws.

12.     The settlement claims administration firm Simpluris Legal Administration Services ("Claims Administrator") is hereby appointed as Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below.

13.     No later than forty-five (45) days after entry of the Preliminary Approval Order (the "Short Notice Completion Date"), the Claims Administrator will notify Settlement Class Members of the settlement with the Short Form Notices (Postcard Notices), substantially similar to the form attached to the Settlement Agreement as Exhibit C, via email to members of the Settlement Class for whom Defendants possess email addresses and via single postcard to members for whom the Defendants possess physical addresses. The Claims Administrator will establish and maintain a Settlement Website, www.SnapFinanceDataSettlement.com, from the Notice Commencement Date until one hundred and eighty (180) days after the Effective Date. The Settlement website will contain the Long Notice, the Claim Form, the Preliminary Approval Order, the Settlement Agreement, the Consolidated Class Action Complaint, and any other materials agreed upon by the parties and/or required by this Court. The Settlement Website shall also provide members of the Settlement Class with the ability to complete and submit the Claim Form electronically. A toll-free helpline with a live operator shall be made available to provide Settlement Class Members with additional information about the Settlement, and the Claims administrator will provide copies of the Long Notice and paper claim form upon request.

14.     Settlement Class Members who wish to submit a claim in the settlement shall complete and submit Claim Forms in accordance with the instructions contained therein. Any such claim must be postmarked or submitted electronically no later than 90 days from the date that Class Notice commences (the "Claims Deadline").

15.     The Claim Forms submitted by each Settlement Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance with the Claims Deadline; (b) contain a statement that the claimant's claim is true and correct  to the best of the claimant's knowledge and belief and is being made under penalty of perjury; and (c) be accompanied by adequate supporting documentation as required by and as specified in the Settlement Agreement.

16.     The Claims Administrator shall provide the Settlement Class a Reminder Notice at least thirty (30) days before the Claims Deadline, if requested by Class Counsel.

17.     Any Settlement Class Member who files a Claim Form shall reasonably cooperate with the Claims Administrator and, if applicable, promptly responding to any inquiry made by the Claims Administrator within thirty (30) days. Any Settlement Class Member who does not timely submit a Claim Form within the time provided in the Settlement are barred from receiving any benefits under the Settlement Agreement.

18.     Settlement Class Members will have no later than sixty (60 days) from the Notice Commencement Date to decide whether to exclude themselves from the Settlement. Any Class Member wishing to exclude themselves from the Settlement Class shall individually sign and timely submit written notice of such intent to Claims Administrator at the address provided in the Class Notice. A written opt-out notice must include an individual signature and state the name, address, and phone number of the person seeking exclusion. A written opt-out notice must also

7

clearly manifest a person's wish to be excluded from the Settlement Class. To be effective, a written opt-out notice must be postmarked no later than Exclusion Deadline (60 Days after the Notice Commencement Date). Settlement Class Members who exclude themselves from the Settlement shall not be eligible to receive any benefits of and/or be bound by the terms of the Settlement Agreement.

19.     Any Settlement Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to object to the Settlement. No Settlement Class Member will be heard, and no papers submitted by any Settlement Class Member will be considered, unless, no later than 60 days from the date the Notice Commencement Date, the Settlement Class Member files with the Court and mails to Class Counsel and the Defendants' counsel written objections that include: (a) the objector's full name and address; (b) the case name and number; (c) information identifying the objector as a Settlement Class Member, including proof that the objectors is a member of the Settlement Class; (d) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (e) the identity of any and all counsel representing the objector in connection with the objection; (f) a statement whether the objector and/or his or her counsel will appear at the Final Approving Hearing; and (g) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. Should the objector wish to appear at the Final Approval Hearing, he or she must so state, and must identify any documents or witnesses he or she intends to call on his or her behalf. Any Settlement Class Member who fails to object in this manner will be deemed to have waived and forfeited any and all rights he or she may have to appear separately and/or to

object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit.

20.     All opening briefs and documents in support of any application by Plaintiffs for the Motions for Service Awards to Class Representatives and for Attorney's Fees and Costs shall be filed and served by no later than fifteen (15) days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement. Plaintiffs shall file a Motion for Final Approval of the Class Action Settlement at least thirty-five (35) days prior to the Final Approval Hearing.

21.     At or after the Final Approval Hearing, the Court shall determine whether any applications for the Class Counsel Service Awards and for Attorney's Fees and Costs should be approved. The Court reserves the right to enter a Final Judgment and Order approving the settlement regardless of whether it has awarded the Service Awards or Attorney's Fees and Costs.

22.     The Settlement Fund will be used to pay for Claims Administration, including all reasonable expenses incurred in identifying and notifying Settlement Class Members, the required CAFA Notice, any Service Awards, and Attorney's Fees and Costs.

23.     Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Lawsuit, or of any wrongdoing or liability of any kind.

24.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may

approve the settlement, with such modifications as may be agreed to by the Parties to the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

25.     If the Settlement Agreement and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement is terminated or canceled, the certification of the Settlement Class will be vacated, and the Lawsuit shall proceed as though the Settlement Class had never been certified without prejudice to either of the Parties' positions on the issue of class certification or any other issue.

26.     Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Lawsuit other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____ ___, 2023

                          BY THE COURT:

                          _____
                          Ted Stewart
                          United States District Court Judge

32433701.1

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: SNAP FINANCE DATA BREACH LITIGATION | Lead Case No. 2:22-cv-00761-TS-JCB |
| | District Judge Ted Stewart |
| | Magistrate Judge Jared C. Bennett |
| | **[PROPOSED] FINAL JUDGMENT AND ORDER** |

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement Agreement (the "Motion") requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiffs Tracy Tanner, Victor Sanchez, Tameka Montgomery, Sterling Simeon, Monique Grayes, Carolyn Sanders, Nick Peppelaar, and Tara Schulmeister (collectively "Plaintiffs" or "Class Representatives") and Defendants Snap Finance LLP and Snap RTO LLC ("Defendants" or "Snap") as fair, reasonable and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Motion, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS _____ day of _____, 2023,**

**ORDERED** that:

1.      Unless otherwise noted, words spelled in this Final Judgment and Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

2.      On _____, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs as the Class Representatives and appointing Brian D. Flick, William B. Federman and M. Anderson Berry as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Claims Administrator; and (g) set the date for the Final Approval Hearing.

3.      In the Preliminary Approval Order, Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class and the Settlement Subclass for settlement purposes only. The Court defined the Settlement Class as follows:

**The Settlement Class:** All U.S. residents who, (i) provided personal identifiable information to Snap Finance LLC and/or Snap RTO LLC for the purpose obtaining a loan, and (ii) received a letter from Snap in December 2022 with notification of the Data Incident.

Excluded from the Settlement Class are: (i) Defendants and their respective officers and directors (ii) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iii) any other Person found by a court of competent jurisdiction to be a guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

The Court defined the Settlement Subclass as follows:

**The Settlement Subclass:** All California residents whose PII was accessed on Defendants' systems in the Data Incident and who were sent a notice of the Data Incident.

Excluded from the Settlement Subclass are: (i) Defendants and their respective officers and directors; (ii) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

4. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and certifies the Settlement Class and the Settlement Subclass as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

5. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a.      The establishment of a Settlement Fund in the amount of One Million Eight Hundred Thousand Dollars ($1,800,000).

b.      A process by which Settlement Class Members and Settlement Subclass Members who submit valid and timely Settlement Class Claim Forms to the Claims Administrator will receive twenty-four months of credit monitoring and identity-protection services free of charge.

c.      A process by which Settlement Class Members and Settlement Subclass Members who submit valid and timely Settlement Class Claim Forms with supporting documentation to the Claims Administrator are eligible to receive compensation for unreimbursed losses up to a total of $5,000 that will be evaluated by the Claims Administrator.

d.      A process by which Settlement Subclass Members who submit valid and timely Settlement Class Claim Forms are eligible to receive compensation as a result of the California Consumer Privacy Act claim they have against Snap of a cash payment of $200, up to an aggregate cap of $200,000, with payments decreased, *pro-rata*, if they exceed that cap and will be evaluated by the Claims Administrator.

e.      A process by which Settlement Class Members and Settlement Subclass members who submit a valid and timely Claim Forms are eligible to receive additional *pro rata* compensation of no more than $500 per person from the remaining Settlement Fund based upon the amount of funds available after the payment of any Attorneys' Fees and Expenses Award, any Service Awards, the Costs of Claims Administration, the CAFA Notice, the cost of Credit Monitoring and Identity-Protection Services, claims for Out-of-Pocket Losses, and claims for CCPA Payments.

f.      Snap has implemented improvements, and planned for future implementations, to improve its cybersecurity since the Data Incident to help mitigate the risk of similar data incidents.

Costs associated with these business practice changes will be paid by Snap separate and apart from other settlement benefits.

      g.     All costs of class notice and claims administration shall be paid out of the Settlement Fund.

      h.     Court-approved Service Awards in the amount of $2,500 to each Class Representative shall be paid out of the Settlement Fund.

      i.     Court-approved attorneys' fees to Class Counsel in the amount of 30% of the Settlement Fund and reimbursement of documented litigation expenses up to $50,000, separate from any benefits provided to Settlement Class Members and the costs of notice and settlement administration and separate from any Service Awards to Class Representatives, shall be paid out of the Settlement Fund.

      6.     Commencing on the Notice Commencement Date, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Claims Administrator provided Notice to Settlement Class Members in compliance with the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice:

      a.  Fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Amended Settlement Agreement;

      b.  Advised Settlement Class Members of their right to request exclusion from the settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

c.  Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Fairness Hearing, and to state objections to the proposed settlement; and

d.  Provided the time, date, and place of the Final Fairness Hearing.

7.  The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

8.  Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards have been provided to Settlement Class Members as directed by this Court's orders.

9.  The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

10.  As of the final date of time for opting out of the Settlement, _____ Settlement Class Members have submitted a valid request to be excluded from the settlement. The names of those persons, in any, are set forth in **Exhibit A** to this Order. Those persons are not bound by this Final Judgment and Order, as set forth in the Settlement Agreement.

11.  The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the

Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

12.     The Court awards Class Counsel _____ in reasonable fees, and _____ in reimbursement of costs and expenses. The Court finds this amount to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

13.     The Court awards a Service Award of $2,500 each to each of the named Class Representatives. The Court finds these amounts are justified by the Class Representatives' service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

14.     As of the Effective Date, Plaintiffs named in the Settlement Agreement and Release and every Settlement Class Member (except those who timely opt out), for themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Settlement Agreement, fully and finally release Defendants, their parents, subsidiaries, shareholders, members, and affiliates, and all of their present and former officers, directors, employees, agents, consultants, advisors, attorneys, representatives, insurers, reinsurers, and legal representatives from any and all claims or causes of action, whether known or unknown, that concern, refer or relate to: (a) the Data Incident; and (b) all other claims arising out of the Data Incident that were asserted, or that could have been asserted, in the Lawsuit. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

15.     Plaintiffs and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

16.     Plaintiffs and the Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. Plaintiffs and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiffs and the Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

17.     Notwithstanding Paragraphs 14-16, *supra*, the Parties expressly agree and acknowledge that the Release negotiated in the Settlement Agreement shall not apply to any litigation or claim not related to or arising out of the Data Incident.

18.     In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

19.     Released Claims shall not include the claims of those persons identified in **Exhibit A** to this Order who have timely and validly requested exclusion from the Settlement Class.

20.     The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the

settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendants of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Action.

21.     The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by any Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

22.     If the Effective Date does not occur for any reason, the Lawsuit will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Lawsuit as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Lawsuit.

23.     The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement.

24.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

25.     In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Order resolves all claims against all parties in this action and is a final order. There is no just reason

to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Judgment

and Order in this matter.

**IT IS SO ORDERED.**

Dated: _____ ____, 2023

                                            BY THE COURT:

                                            _____

                                            Ted Stewart
                                            United States District Court Judge