William B. Federman (admitted pro hac vice)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
(405) 235-1560
(405) 239-2112 (facsimile)
wbf@federmanlaw.com

*Co-Interim Class Counsel for Plaintiffs and Putative Class*

[additional counsel listed on signature block]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| IN RE: SNAP FINANCE DATA BREACH LITIGATION | Lead Case No. 2:22-cv-00761-TS-JCB |

**PLAINTIFFS' MOTION AND APPLICATION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS TO CLASS
<u>REPRESENTATIVES AND MEMORANDUM OF LAW IN SUPPORT</u>**

**TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY STATEMENT………………………………………………………..1

II. INCORPORATION BY REFERENCE…………………………………………….....2

III. ARGUMENT………………………………………………………………………….2

    A.  Both Percentage-of-the-Fund and Lodestar Approaches
        Are Permitted……………………………………………………………………2

    B.  Plaintiffs' Fee Request Should Be Approved…………………………………...3

        1.  Plaintiffs' Request Is Below the Customary Fee Award…………………3

        2.  Other Factors Weigh in Favor of Approving the Fee Request…………...4

        3.  The Results Obtained Support Approval of the Fee Requested………….5

        4.  Time and Labor Required……………………………………………....5

        5.  The Contingent Nature of the Case, the Risks of Litigation,
           Preclusion of Other Employment Support Counsel's Fee Request..……5

        6.  The Skill and Experience Required Supports the Fee Award..…………6

        7.  Limitations on Counsel's Time and Opportunity………………………..7

        8.  The Fee Request Is Within the Range of Fees Granted in
           Similar Cases..……………………………………………………………7

        9.  Plaintiffs' Lodestar Confirms the Reasonableness of the Fee Request....8

    C.  Litigation Expenses Should Be Reimbursed from the Settlement Fund……9

    D.  The Service Awards for Class Representatives Are Reasonable…………..10

IV. CONCLUSION……………………………………………………………………..10

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                                     **Page**

*Anderson v. Merit Energy Co.*, 2009 WL 3378526 (D. Colo. Oct. 20, 2009) ............................ 3

*Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018) ................................ 8

*Blanco v. Xtreme Drilling & Coil Services, Inc.*,
   No. 16-cv-00249-PAB-SKC, 2020 WL 4041456 (D. Colo. July 7, 2020) ........................ 4, 6

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) ........................................................................ 3

*Braver v. Northstar Alarm Servs., LLC*, Case No. CIV-17-0383-F,
   2020 WL 6468227 (W.D. Okla. Nov. 3, 2020) (slip op.) ....................................................... 8

*Cazeau v. TPUSA, Inc.*, 2:18-cv-00321-RJS-CMR,
   2021 WL 1688540 (D. Utah April 29, 2021) ......................................................................... 3

*Cecil v. BP Am. Prod. Co.*, No. 16- CV-00410, 2018 WL 8367957
   (E.D. Okla. Nov. 19, 2018) ..................................................................................................... 9

*Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*,
   888 F.3d 455 (10th Cir. 2017) ................................................................................................. 2

*Cimarron Pipeline Construction, Inc. v. National Council on Compensation Insurance*,
   1993 WL 355466 (W.D. Okla. June 8, 1993) ........................................................................ 4

*CompSource Okla. v. BNY Mellon, N.A.*, 2012 WL 6864701 (E.D. Okla. Oct. 25, 2012) ......... 4

*Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113 (C.D. Cal. 1995) ............................ 9

*Culbertson, et al., v. Deloitte Consulting LLP*, Case No. 20-cv-3962-LJL (Feb. 16, 2022) ....... 7

*Droegemueller v. Petroleum Dev. Corp.*, Nos. 07–cv–1362–JLK–CBS, 07–cv–2508,
   2009 WL 961539 (D. Colo. April 7, 2009) ............................................................................ 7

*Farley v. Family Dollar Stores, Inc.*, 2014 WL 5488897 (D. Colo. Oct. 30, 2014) ................... 7

*Gordon v. Chipotle Mexican Grill, Inc.,* No. 17-cv-01415-CMA-SKC,
   2019 WL 6972701 (D. Colo. Dec. 16, 2019) ......................................................................... 6

*Gottlieb v. Barry*, 43 F.3d 474 (10th Cir. 1994) ........................................................................ 3

*Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074 (10th Cir. 1998) ................................... 4

**Cases**                                                                                                                  **Page**

*Hammond v. The Bank of N.Y. Mellon Corp.*, No. 08 Civ. 6060(RMB)(RLE),
    2010 WL 2643307 (S.D.N.Y. June 25, 2010) ........................................................................6

*In re Facebook Biometric Info. Priv. Litig.*, 2022 WL 822923 (9th Cir. Mar. 17, 2022)...........9

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 293 F.R.D. 21 (D. Me. 2013) ..6

*In re Nasdaq Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998) ..........................9

*In re Nu Skin Enterprises, Inc.,* 2:14-cv-00033, 2016 WL 6916486
    (D. Utah Oct. 13, 2016). .......................................................................................................3

*In re TJX Cos. Sec. Breach Litig.*, 246 F.R.D. 389 (D. Mass. Nov. 29, 2007)...........................6

*In re Universal Serv. Fund Tel. Billing Pracs. Litig.,* No. 02-MD-1468
    2011 WL 1808038 (D. Kan. May 12, 2011)........................................................................10

*In re: Solara Medical Supplies Data Breach Litig.*, Case No. 3:19-cv-02284-H-KSC
    (Sept. 12, 2022)......................................................................................................................8

*Jenkins v. Pech*, No. 8:14CV41, 2016 WL 715780 (D. Ne. Feb. 22, 2016)...............................4

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)................................4

*Key v. Butch's Rat Hole & Anchor Serv., Inc.,* No. CIV 17- 1171, 2022 WL 457915
    (D.N.M. Feb. 15, 2022)........................................................................................................10

*Lawrence v. First Financial Investment Fund V, LLC,* 2:19-cv-00174-RJS-CMR,
    2022 WL 911357 (D. Utah March 29, 2022).........................................................................3

*Lucken Family Ltd. Partnership, LLP v. Ultra Res., Inc.*, 2010 WL 5387559
    (D. Colo. Dec. 22, 2010);......................................................................................................3

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002) ................................9

*Nieberding v. Barrette Outdoor Living, Inc.,* 129 F. Supp. 3d 1236 (D. Kan. 2015)...............10

*Plumb v. State*, 809 P.2d 734 (Utah 1990)..................................................................................2

*Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983)........................................................................4

*Sackin v. TransPerfect Global, Inc.,* Case No. 1:17-cv-01469-LGS (Dec. 14, 2018)................8

*Southern Independent Bank v. Fred's, Inc.*, No. 2:15-CV-799-WKW, 2019 WL 1179396
    (M.D. Ala. Mar. 13, 2019) ....................................................................................................6

**Cases** **Page**

*Stalcup v. Schlage Lock Co.*, 505 F. Supp. 2d 704 (D. Colo. 2007)............................................4

*Stanger v. China Elec. Motor, Inc.*, 812 F.3d 73 (9th Cir. 2016) ................................................9

*Tardiff v. Knox Co.*, 365 F.3d 1 (1st Cir. 2004)............................................................................6

*Vaszlavik v. Storage Corp.*, No. 95-B-2525, 2000 WL 1268824
   (D. Colo. Mar. 9, 2000)..............................................................................................................9

*Vaszlavik v. Storage Tech. Corp.,* No. 95–B–2525, 2000 WL 1268824 (D. Colo. Mar. 9, 2000)
   .........................................................................................................................................................4

*Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051 & Appendix (9th Cir. 2002).......................9

*Waters v. Intern. Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999) ................................3

*Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026 (9th Cir. 1997) ........................3

**Statutes** **Page**

Fed. R. Civ. P. 23(h) and 54(d)………………………………………………………………...1

**Cases** **Page**

*Manual For Complex Litigation (Fourth)*, § 14.121 .................................................................3
*Manual For Complex Litigation*, § 21.7 ...................................................................................3

Pursuant to Fed. R. Civ. P. 23(h) and 54(d) and this Court's September 18, 2023 Order Granting Preliminary Approval of Class Action Settlement ("PAO") (ECF 47), Plaintiffs respectfully submit this application for: 1) approval of an award of attorneys' fees of $540,000 and reimbursement of litigation expenses in the amount of $9,140.20; and 2) approval of service awards of $2,500 to each Plaintiff (a/k/a Class Representative) for a total of $20,000.[1]

I. **PRELIMINARY STATEMENT**

Plaintiffs allege that between June 23, 2022 and September 8, 2022, unauthorized third-parties accessed personally identifiable information ("PII") of approximately 61,302 consumers, including Plaintiffs, whose PII Snap stored (the "Data Incident"). Plaintiffs filed a class action lawsuits, asserting claims for relief emanating from the Data Incident. Subsequently, Plaintiffs organized the related actions, successfully sought consolidation, interim class counsel appointment, and filed a Consolidated Class Action Complaint ("CCAC") on February 9, 2023. The Parties subsequently began discussing possible resolution, exchanged Rule 408 discovery and detailed pre-mediation materials. On June 30, 2023, the Parties participated in a full-day mediation with experienced mediator Hon. John W. Thornton (Ret.). The mediation lasted all day. After the Parties had come to an impasse, Judge Thornton submitted a mediator's proposal, which the Parties accepted.

This $1,800,000 non-reversionary Settlement provides substantial monetary benefits and injunctive relief to the Settlement Class. *See* S.A., §§ 1.31, 2.3. As compensation for the highly favorable benefit conferred upon the Settlement Class, Class Counsel request this Court award attorneys' fees of $540,000 and reimbursement of litigation expenses totaling $9,140.20. This fee

---

[1] The capitalized terms used herein shall have the meanings defined in the Settlement Agreement (ECF 46-1) ("Settlement Agreement" or "S.A."), unless otherwise indicated.

request is 30% of the Settlement Fund, and a lesser percentage of the total benefits once remedial measures are included. The request is a multiplier of only 1.4 based on the current lodestar of Class Counsel and additional plaintiffs' counsel (collectively, "Plaintiffs' Counsel"). *See* Joint Declaration of Class Counsel ("Joint Decl.") ¶ 20, filed contemporaneously herewith.

These requests are permitted by the Settlement Agreement, and Class Counsel apprised the Court of these requests in its Motion for Preliminary Approval. S.A. § 7; ECF No. 46. The fee and expense requests were also delineated in the Notice to the Settlement Class (ECF 46-1), and, to date, *no* class members have objected to the requests. *Id.* at ¶ 13. Defendants do not oppose the relief sought herein. The requested awards will be considered by the Court at the January 17, 2024, Final Approval Hearing.

## II.   INCORPORATION BY REFERENCE

In the interest of judicial efficiency, Plaintiffs refer this Court to, and hereby incorporate, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement filed on September 11, 2023 (ECF No. 46) and the anticipated Motion for Final Approval to be filed by December 18, 2023, for factual and procedural background on this case and for a summary of the benefits contemplated under the $1.8 million non-reversionary Settlement.

## III.   ARGUMENT

### A.   Both Percentage-of-the-Fund and Lodestar Approaches Are Permitted

In diversity cases within the Tenth Circuit, state substantive law governs the calculation of reasonable attorneys' fees. *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 4638. (10th Cir. 2017) ("*Enervest*"). Under Utah law, attorneys fees in class actions may be determined using either the percentage-of-the-fund or the lodestar method. *See, e.g., Plumb v. State*, 809 P.2d 734, 740 (Utah 1990).

2

Generally, the percentage-of-the-fund approach is preferred by the Tenth Circuit when state law permits. *See Gottlieb v. Barry*, 43 F.3d 474, at 482-83 (10th Cir.1994); *Anderson v. Merit Energy Co.*, 2009 WL 3378526 at *2 (D. Colo. Oct. 20, 2009); *In re Nu Skin Enterprises, Inc.*, 2:14-cv-00033, 2016 WL 6916486, at *1 (D. Utah Oct. 13, 2016). This approach results in "proportionately spreading payment of attorney fees among the class members." *Lucken Family Ltd. Partnership, LLP v. Ultra Res., Inc.*, 2010 WL 5387559, at *2–3 (D. Colo. Dec. 22, 2010); *Manual For Complex Litigation (Fourth)*, § 14.121 (the percentage-fee method is preferred in common-fund cases). In calculating the percentage, it is appropriate to compare the fee to the total recovery, including the attorneys' fees. *Id.*, § 21.7 (calculation of settlement should include all relief and fees paid by defendant); *see, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 481 (1980); *Waters v. Intern. Precious Metals Corp.*, 190 F.3d 1291, 1298-98 (11th Cir. 1999); *Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997).

### B. <u>Plaintiffs' Fee Request Should Be Approved</u>

#### 1. **Plaintiffs' Request Is Below the Customary Fee Award.**

Plaintiffs' seek attorneys' fees of $540,000, which is 30% of the common fund not including the value of the remedial measures undertaken at separate expense by Defendant. The request is within the range of the "customary fee" and is presumptively reasonable.

Federal District courts in Utah have regularly held that the customary fee award in a common fund settlement is approximately one-third of the fund. *See Lawrence v. First Financial Investment Fund V, LLC,* 2:19-cv-00174-RJS-CMR, 2022 WL 911357 at *3 (D. Utah March 29, 2022) (defining customary fees between 22 and 40 percent); *Cazeau v. TPUSA, Inc.*, 2:18-cv-00321-RJS-CMR, 2021 WL 1688540 at *8-9 (D. Utah April 29, 2021) (approving fees of 33% of

benefit created); *In re NU Skin Enterprises, Inc.,* 2016 WL 6916486 at *1 (approving fees of 29% of the class benefit).

Federal courts in the Tenth Circuit routinely approve fee requests in the requested range or even higher. *See CompSource Okla. v. BNY Mellon, N.A.*, 2012 WL 6864701 (E.D. Okla. Oct. 25, 2012) ("25% is on the low end of the range of acceptable fee awards in common fund cases, which ranges between 22% and 37%, and more in some cases"); *Lucken*, 2010 WL 5387559, at *6 ("The customary fee. . . .is approximately one third of the total economic benefit bestowed on the class." *Vaszlavik v. Storage Tech. Corp.,* No. 95–B–2525, 2000 WL 1268824 (D. Colo. Mar. 9, 2000) ("A 30% common fund fee award is in the middle of the ordinary 20%–50% range and is presumptively reasonable."); *Cimarron Pipeline Construction, Inc. v. National Council on Compensation Insurance*, 1993 WL 355466, at *2 (W.D. Okla. June 8, 1993) (finding "[f]ees in the range of 30–40%" to be "common").

### 2. Other Factors Weigh in Favor of Approving the Fee Request.

Whether the Court uses the percentage-of-fund method or the lodestar method, the fee must be reasonable. *Brown*, 838 F.3d at 454 (quoting *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983)). To determine the reasonableness of the fee, Tenth Circuit courts consider the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] *Brown*, 838 F.3d at 454; *Gottlieb*, 43 F.3d at 482.

---

[2] A court does not need to specifically address each *Johnson* factor in a case. *Blanco v. Xtreme Drilling & Coil Services, Inc.*, No. 16-cv-00249-PAB-SKC, 2020 WL 4041456, at *4 (D. Colo. July 7, 2020) (citing *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1083 (10th Cir. 1998)). Furthermore, "a court may assign different relative weights to the factors[.]" *Stalcup v. Schlage Lock Co.*, 505 F. Supp. 2d 704, 705-06 (D. Colo. 2007). The factors also need not be exhausted in every case. *Jenkins v. Pech*, No. 8:14CV41, 2016 WL 715780, at *1 (D. Ne. Feb. 22, 2016).

4

### 3. The Results Obtained Support Approval of the Fee Requested.

The non-reversionary $1.8 million Settlement provides remarkable benefits to the 61,302 Settlement Class Members. Each Settlement Class Member can submit a claim for expense reimbursements up to $5,000. S.A. § 2.3.1. All California Subclass members can claim a $200 statutory payment (subject to *pro rata* decreases if more than $200,000 is claimed) in addition to all of the other Settlement benefits. S.A. § 2.3.2. All Settlement Class Members may claim a *pro rata* share, up to $500 each, of any remaining funds in the Settlement Fund after the other benefits and costs are paid. *Id.*, § 2.3.3. All Class Members may also obtain 24 months of credit monitoring and identity theft protection. *Id.*, § 2.3.4. Settlement Class Members can also rest assured that their PII is better protected due to the remedial data security enhancements implemented by Snap. *Id.*, § 2.4. Thus, this factor weighs heavily in favor of granting the fee request.

### 4. Time and Labor Required.

Plaintiffs' Counsel devoted substantial time, labor, and resources to achieve the Settlement, spending 596.30 hours litigating this case, at a value of $387,424.15. Joint Decl. ¶ 20. Although Class Counsel have kept costs and fees to a minimum, the Action required a significant amount of work and time against very experienced opposing counsel. *Id.*, ¶¶ 14-21. This lodestar does not include the time spent preparing the motion for attorneys' fees nor preparing the motion for final approval, preparing for the final hearing, and supervising distribution of the Settlement. *Id.*, ¶ 20.

The time and labor required strongly support finding the requested fee reasonable.

### 5. The Contingent Nature of the Case, the Risks of Litigation, Preclusion of Other Employment Support Counsel's Fee Request.

Plaintiffs' Counsel took this case on a purely contingent basis. Joint Decl. ¶ 24. Attorneys' fees were far from guaranteed. *Id.* Thus, Plaintiffs' Counsel took on the significant risks of litigation knowing full well their efforts may not bear fruit. *Id.*

5

This case involved novel and evolving issues. *See Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases ... are particularly risky, expensive, and complex."). Cutting edge cases like this face substantial hurdles—even to make it past the pleading stage. *See, e.g.*, *Hammond v. The Bank of N.Y. Mellon Corp.*, No. 08 Civ. 6060, 2010 WL 2643307, at *1 (S.D.N.Y. June 25, 2010) (collecting data breach cases dismissed at the Rule 12(b)(6) or Rule 56 stage). Continued litigation would require extensive discovery, depositions, expert reports, maintaining class certification through trial, and summary judgment, as well as possible appeals, which would require additional briefing and possibly no recovery at all. *See, e.g., In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 293 F.R.D. 21 (D. Me. 2013) (denying class certification); *Southern Independent Bank v. Fred's, Inc.*, No. 2:15-CV-799-WKW, 2019 WL 1179396, at *8 (M.D. Ala. Mar. 13, 2019) (holding under *Daubert* motion that causation was not met in data security breach case); *In re TJX Cos. Sec. Breach Litig.*, 246 F.R.D. 389, 398 (D. Mass. Nov. 29, 2007) (similar).

Tenth Circuit courts "have consistently found that this type of fee arrangement, under which counsel runs a significant risk of nonpayment, weighs in favor of the reasonableness of a requested fee award." *Blanco,* No. 16-cv-00249-PAB-SKC, 2020 WL 4041456, at *5-6 (approving requested 38% of settlement amount) (internal citations omitted); *see Shaw v. Interthinx*, No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *8 (D. Colo. Apr. 22, 2015) (awarding $2 million in attorneys' fees, representing $33^{1/3}$% of the common fund). These factors weigh in favor of approval of the attorneys' fees request.

### 6. The Skill and Experience Required Supports the Fee Award.

As set forth *supra*, the skill needed to litigate data breach cases is great. The lawyers representing Plaintiffs are among the most experienced in this practice area. *See* Joint Decl. ¶¶ 15-

6

23; *id.* at Exhibits 1-3. Plaintiffs' Counsel worked hard to litigate the action, obtain information from Snap about the Data Incident, and negotiate a highly favorable Settlement. *Id*. ¶¶ 5-24. The Settlement is highly favorable and addresses the injuries sustained by Settlement Class Members. Thus, this factor weighs in favor of Plaintiffs' fee request.

### 7. Limitations on Counsel's Time and Opportunity.

This litigation began in 2022 and has required substantial time, nearly 600 hours, from Plaintiffs' Counsel. *See* Joint Decl. ¶ 20. Thus, Plaintiffs' Counsel have been precluded from working on other cases and opportunities due to prosecuting this Action. *Id.* ¶ 24. Accordingly, this factor weighs in favor of the fee request.

### 8. The Fee Request Is Within the Range of Fees Granted in Similar Cases.

Class Counsel's request for 30% of the common fund is reasonable compared to similar cases. Tenth Circuit courts have routinely made similar fee awards. *See, e.g., Droegemueller v. Petroleum Dev. Corp.*, Nos. 07–cv–1362–JLK–CBS, 07–cv–2508, 2009 WL 961539 (D. Colo. April 7, 2009) (awarding 33⅓%); *Robertson v. Whitman Consulting Org., Inc.*, No. 19-cv-2508-RM-KLM, 2021 WL 4947349, at *5 (D. Colo. Oct. 22, 2021) (slip copy) (awarding 40% of gross settlement amount plus costs); *Johnson v. Camino Nat'l Resources, LLC,* No. 19-cv-02742-CMA-SKC, 2021 WL 2550165, at *2 (D. Colo. June 22, 2021) (slip copy) (awarding 40% of settlement value); *Farley v. Family Dollar Stores, Inc.*, 2014 WL 5488897 (D. Colo. Oct. 30, 2014) (awarding 33% attorneys' fees and costs).

The requested fee award of 30% is also notably less than what has been paid by courts in similar data breach settlements. *See, e.g., Culbertson, et al., v. Deloitte Consulting LLP*, slip 'op, Case No. 20-cv-3962-LJL (Feb. 16, 2022) (ECF No. 159) (awarding $1,649,835 in attorneys' fees, equaling 33.33%, in data breach class action where settlement had a common fund value of $4.95

million); *Sackin v. TransPerfect Global, Inc.,* slip op., Case No. 1:17-cv-01469-LGS (Dec. 14, 2018) (ECF No. 74) (awarding $715,000 in fees and $17,748.95 in expenses in a settlement that provided lesser benefits, no common fund, and where the class was less than 5,000 members); *In re: Solara Medical Supplies Data Breach Litig.*, slip 'op, Case No. 3:19-cv-02284-H-KSC (Sept. 12, 2022) (ECF No. 150) (awarding $2,300,000 in attorneys' fees and $278,021.35 in expenses where settlement fund totaled $5.06 million).

Finally, the fee request falls well below the 33% range of fee awards found reasonable in Utah. *See, e.g., Cazeau,* 2021 WL 1688540 at *8. Awards of more than 30% of a common benefit are customary in similar cases in this and other circuits. *See, e.g., Braver v. Northstar Alarm Servs., LLC*, Case No. CIV-17-0383-F, 2020 WL 6468227, at *6 (W.D. Okla. Nov. 3, 2020) (slip op.) (awarding one-third of the fund in attorneys' fees); *Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 795 (7th Cir. 2018) (affirming fee award that included, *inter alia*, "the sum of 36% of the first $10 million"). Therefore, Plaintiffs' request of 30% of the common fund is reasonable.

### 9. Plaintiffs' Lodestar Confirms the Reasonableness of the Fee Request.

To determine the lodestar amount, counsel's hours reasonably expended on the litigation are multiplied by counsel's hourly rates (if reasonable). *Enervest*, 888 F.3d at 458.

As of December 1, 2023, Counsel have spent 596.30 hours. Multiplied by counsel's customary and usual rates, these hours are worth $387,424.15 in lodestar.[3]

---

[3] Class Counsel are skilled attorneys with extensive prior experience in data breach. Joint Decl., ¶¶ 15-23. Their rates are reasonable when measured against the 10th Circuit and national markets for complex class actions. *See, e.g.*, *In re SandRidge Energy, Inc.*, 875 F.3d 1297 (10th Cir. 2017) (approving rates for partners in national complex litigation firms, ranging from $850/hour to $1,150/hour); *In re Anthem, Inc. Data Breach Litig.,* No. 15-MD-02617, 2018 WL 3960068, at *16 (N.D. Cal. Aug. 17, 2018) (approving $970 billing rates for partners in data breach class action); *see also In re Samsung,* No. 17-ml-2792-D (W.D. Okla., Jun. 11, 2020) (Dkt. No. 256), slip op. at 15 *aff'd*, 2021 WL 1825685, at *12 (10th Cir. May 7, 2021).

8

Compared to the $540,000 requested fee, the lodestar results in a "positive" risk multiplier of 1.4, which is modest when compared to those approved in other complex cases. *See, e.g., In re Facebook Biometric Info. Priv. Litig.*, 2022 WL 822923, at *1-*2 (9th Cir. Mar. 17, 2022) (affirming 4.71 multiplier); *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 1995) (upholding an award that resulted in a multiplier of approximately 5.2, citing precedent for awards "in this range or higher"); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 & Appendix (9th Cir. 2002) (approving a multiplier of 3.65 and citing multipliers up to 19.6); *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 489 (S.D.N.Y. 1998) ("'In recent years multipliers of between 3 and 4.5 have become common.'") (internal citations omitted); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) ("[A] modest multiplier of 4.65 is fair and reasonable."). Indeed, courts recognize that "[r]isk multipliers incentivize attorneys to represent class clients, who might otherwise be denied access to counsel, on a contingency basis." *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016).

By the time of the final approval hearing, the "multiplier" will be close to 1.0, once the additional hours are expended. The lodestar fully supports the fees requested.

### C. Litigation Expenses Should Be Reimbursed from the Settlement Fund

"As with attorney fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred...in addition to the attorney fee percentage." *Cecil v. BP Am. Prod. Co.*, No. 16- CV-00410, 2018 WL 8367957, at *9 (E.D. Okla. Nov. 19, 2018) (citations omitted); *see Vaszlavik v. Storage Corp.*, No. 95-B-2525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000) (similar).

Class Counsel request that $9,140.20 in expenses be reimbursed from the common fund. These expenses were necessary and unavoidable litigation costs. *See* Joint Decl. ¶¶ 25-26. These

9

expenses are less than 0.50% of the Settlement, and are substantially less than the $50,000 the Settlement Agreement provides for. Reimbursement should be approved.

### D. The Service Awards for Class Representatives Are Reasonable

Service awards are typically given to recognize named plaintiffs for the services and time they devoted on behalf of the Class. *Enervest*, 888 F.3d at 464–66. The requested service award of $2,500.00 to each Plaintiff, for a total of $20,000, is within the range found reasonable by courts in similar cases. *See, e.g., Key v. Butch's Rat Hole & Anchor Serv., Inc.,* No. CIV 17- 1171, 2022 WL 457915, at *1 (D.N.M. Feb. 15, 2022) (granting service award of $7,500 per plaintiff); *Nieberding v. Barrette Outdoor Living, Inc.,* 129 F. Supp. 3d 1236, 1252 (D. Kan. 2015) (granting $3,500 service award); *In re Universal Serv. Fund Tel. Billing Pracs. Litig.,* No. 02-MD-1468 2011 WL 1808038 (D. Kan. May 12, 2011) (granting $10,000 service award); *Lucken*, 2010 WL 5387559 (D. Colo. Dec. 22, 2010*)* (granting $10,000 service award).

The Settlement could not have been achieved without the efforts of Plaintiffs who assisted Class Counsel with the prosecution on behalf of the Class. Joint Decl. ¶¶ 28-29. Thus, the request of modest Service Awards of $2,500 to each Plaintiff is reasonable and should be approved.

### IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant this Motion. A proposed order is attached hereto and will be submitted with Plaintiffs' forthcoming Motion for Final Approval.

Dated: December 4, 2023                Respectfully submitted,

*/s/ William B. Federman*
William B. Federman*
**Federman & Sherwood**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560

10

Fax: (405) 239-2112
Email: wbf@federmanlaw.com

M. Anderson Berry*
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
aberry@justice4you.com

Brian D. Flick*
**DANNLAW**
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (513) 645-3488
Facsimile: (216) 373-0536
bflick@dannlaw.com

*Interim Class Counsel for the Plaintiffs and Putative Class*

Charles H. Thronson, USB 3260
**PARSONS BEHLE & LATIMER**
201 S. Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
CThronson@parsonsbehle.com

*Liaison Counsel for the Plaintiffs and Putative Class*

JASON M. WUCETICH*
**WUCETICH & KOROVILAS LLP**
222 N. Pacific Coast Hwy., Suite 2000
El Segundo, CA 90245
Telephone: (310) 335-2001
Facsimile: (310) 364-5201
jason@wukolaw.com

A. Brooke Murphy
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108

11

Telephone: (405) 389-4989
abm@murphylegalfirm.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
Fax: (865) 522-0049
Email: gklinger@milberg.com

*Admitted Pro Hac Vice

*Additional Counsel for Plaintiffs and Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2023, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the court's electronic filing system to all counsel of record.

/s/ *M. Anderson Berry*